### ELLENSOHN v. KEYES et al.

(Supreme Court, Appellate Division, First Department.    June 19, 1896.)

1. TRIAL—FRAMING ISSUES FOR JURY—TIME OF MOTION.
    Though Gen. Rules Prac. No. 31 provides that notice of an application to frame issues must be made within 10 days after issue is joined, the court has power to open a default and allow the application to be made after the 10 days; but facts must be shown to excuse the neglect to apply within the prescribed time.

2. APPEAL—ORDER AFFECTING SUBSTANTIAL RIGHT.
    An order made on an application to frame issues for trial by jury affects a substantial right, within Code Civ. Proc. § 1347, giving the appellate division power to review orders of the special or trial terms of the supreme court, where they affect a substantial right.

3. SAME—DISCRETION OF TRIAL COURT.
    The appellate division, being a part of the supreme court, may review a discretionary order made at a special or trial term.

4. JURY—RIGHT TO TRIAL BY.
    An action by an heir of a testator to set aside a judgment establishing the validity of the probate of the will as procured by collusion between plaintiff's attorney and the attorney for the executors, in order to cut off plaintiff's rights as an heir at law, is not triable by jury.

Appeal from special term, New York county.

Action by Barbara Ellensohn against John S. Keyes and others to set aside a judgment establishing the validity of the probate of the will of Antoine Ruppaner, deceased.    From an order granting plaintiff's motion to frame certain issues for trial by jury, defendants appeal.    Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

William B. Hornblower, for appellants.
Isaac N. Miller, for respondent.

INGRAHAM, J.    Section 971 of the Code contemplates two methods by which issues to be tried by a jury may be framed in an action where the party is not entitled as a matter of right to such a trial,— one where the application is made to the court, and the other where the court at the trial, of its own motion, desires the verdict of a jury to assist it in determining some question of fact at issue.    Where the application is made by a party to have issues framed, rule 31 of the general rules of practice provides that notice of that application must be made within 10 days after issue joined.    The object of this rule is apparent.    It is to prevent, upon the eve of the trial, where the parties have prepared for trial at special term, an application to frame issues to be tried by a jury, thereby causing the delay and additional expense incident to such a trial.    Where a party has al-

lowed more than 10 days to elapse before giving notice of the application, the court undoubtedly has power, upon proper facts, to open the default and allow the application to be made, but facts must be shown to excuse the neglect to apply within the time prescribed by the rule.　By section 17 of the Code the general rules of practice are made binding upon all the courts of the state, and all judges and justices thereof, except the court for the trial of impeachments, and the court of appeals; and the rules made as provided for by this section have the force of a statute, and were binding upon the court below. This motion was made on March 7, 1896, and the moving affidavits show that issue was joined in the action on January 3, 1896.　Thus much more than 10 days elapsed from the time that issue was joined, and the service of the notice of the application.　Rule 31 of the general rules of practice was called to the attention of the court by the affidavit in opposition to the motion, and the court proceeded to grant the motion without a suggestion of any reason why it had not been made in time, and without the slightest excuse for the delay, or ground for opening the default.　For this reason, if for no other, we think the order was improperly made.

There can be no doubt but that this order is appealable to the appellate division.　While it is true that the application was addressed to the discretion of the court, still it was to the supreme court, and the appellate division is as much a part of the supreme court as the special term at which the application was made.　Much confusion has arisen because of the attempt to apply decisions of the court of appeals as to the appealability of orders to that court, to the question of the power of the appellate division to review orders of the special term, and cases which discuss the appealability of orders to the court of appeals have no relation to the power of this court to review the orders of the supreme court.　General power is given to the appellate division, by section 1347 of the Code, to review all orders of the special or trial term of the supreme court, where they affect a substantial right.　We think the method of trial in an action affects a substantial right, and that the order is clearly appealable. But, upon the merits of this application, we think no reason was shown to the court below that would justify the court in directing that any or all of these issues framed should be tried by a jury.　The action is brought by the plaintiff, as one of the next of kin or heirs at law of Antoine Ruppaner, deceased, to have a certain judgment entered in an action under section 2653a of the Code of Civil Procedure, whereby the validity of the last will and testament of the said Ruppaner was established, and, which it was alleged, was procured collusively, and in fraud of the plaintiff's rights, vacated and canceled of record as to this plaintiff.　The complaint alleges that such action was brought on for trial in pursuance of an agreement between the then attorney for this plaintiff and the attorney for the executors of the deceased that such action should be brought, and should not be contested, in order to cut off the right of this plaintiff, as the heir at law and next of kin of the said decedent, to contest the validity of the said will; that under such an agreement the said action came on for trial on the 20th day of April, 1893, and in such

action a verdict was recovered without any opposition on the part of the plaintiff's attorney; and that judgment upon such verdict was subsequently entered with the clerk of the city and county of New York. We think that this was eminently an action to be tried by the court, rather than by a jury. Attorneys at law are officers of the court, and the proper performance of their duty to their clients is always watched with jealous care by the court. Whether or not stipulations made by such attorneys.as to the conduct of litigations before the court are proper, and within the power of the attorneys to make, are made in good faith and for the protection of the client, is peculiarly a question that the court is able satisfactorily to determine; and to submit such a question to the jury would often subject the party to an action, who has relied upon the judgment of the court based upon such consent, and whose rights have been adjudicated by such judgment, to great injustice. There is no suggestion of any reason why a trial by a jury is necessary, except that the plaintiff's attorney says that in his judgment the issues of fact should be tried by a jury. It is only necessary to say that our judgment is not in accordance with that of the attorney of the plaintiff.

It is proper that we should call attention to the issues as framed in this case, to emphatically condemn the practice of submitting such issues to a jury in any case. The court has settled 22 issues. The most of them are entirely immaterial in the determination of any question at issue in the case, and those which are material would be simply evidential facts, which, if found in favor of the plaintiff, could only be considered upon the one main question at issue. Many of the issues are so framed as to make it almost impossible for a jury to intelligently pass upon them; and in general they are misleading and improper, and could not fail to produce, upon the trial, great confusion. The answers of the jury to these questions, or most of them, would aid the court very little in the final judgment to be entered.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.