CONKLIN v. CONKLIN.

(Supreme Court, Appellate Division, Second Department. March 11, 1908.)

DIVORCE—ALIMONY—ENFORCEMENT OF PAYMENT—SEQUESTRATION—GROUNDS FOR OPPOSITION.

Where defendant failed to pay plaintiff alimony due her, she cannot complain of an order to sequester the personal property of defendant and appoint a receiver therefor for her benefit, even though an issue may arise between herself and such receiver respecting the title to certain insurance policies on defendant's life which are in her possession.

Rich, J., dissenting.

Appeal from Special Term, Kings County.

Action by Jeannie L. Conklin against Henry Conklin. From an order granting defendant's motion for the sequestration of his property to secure the payment of alimony due to plaintiff, plaintiff appeals. Affirmed.

See 113 App. Div. 743, 99 N. Y. Supp. 310.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Thomas Gregory (William H. Hamilton, on the brief), for appellant.

I. N. Jacobson, for respondent.

MILLER, J. The plaintiff appeals from an order sequestering the personal property and the rents and profits of the real property of the defendant and appointing a receiver thereof for her benefit, but fails to point out how she has been injured thereby. If the receiver gets possession of any property of the defendant, the plaintiff will be benefited; if he does not, she will not be harmed. Much has been said about certain insurance policies; but the order does not determine who has title to such policies, and it is not a good reason for reversing the order that an issue respecting

the title to them may arise between the receiver and the plaintiff. If the plaintiff has no title to said policies, it is but just that the defendant should be permitted to have the avails of them applied in payment or reduction of the amount due the plaintiff for alimony. If the plaintiff has title to them, the receiver cannot take them from her, as he is appointed receiver of the defendant's, not the plaintiff's, property.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except RICH, J., who dissents.

RICH, J. I dissent. This is the third time defendant has been in this court in proceedings to enforce the payment of alimony to his wife. Upon the theory that he has an interest in four policies of insurance upon his life, the learned court at Special Term has made an order sequestering his property and appointing a receiver.

Defendant owns eight lots of unimproved land at Congers, N. Y., of uncertain value, but of no rental value, from which nothing would be available as rents and profits. The only pretended available assets are three policies. We are not called upon to pass upon the question as to who is the legal owner in this proceeding. In the event of defendant's prior death, policy No. 632,296 is payable to plaintiff. Default was made in the payment of premiums in 1901, and this policy is indorsed for reduced amount of paid-up insurance of $1,750, and has a present loan value of $660. Default has also been made in the payment of the premiums on each of the other three policies, and in 1902 they were reduced in paid-up insurance of $359 each. Plaintiff is named as beneficiary in each of these policies, and each has a loan value of $230. They provide, however, that the beneficiary may be changed by written notice to the company at its home office, "accompanied by the policy"; and defendant has attempted to change the beneficiary, but the policies have not been submitted to the company, possession thereof being in plaintiff.

The policies are in possession of plaintiff and are fully paid up, and I cannot see my way clear to assent to their being surrendered or used as collateral. Under these circumstances I think it was an improper exercise of the discretion of the court to direct the sequestration. It means that the plaintiff must surrender any rights she may have in the policies, or the payment of the alimony now long past due will be held up until the rights of the parties are determined, and I must therefore vote for a reversal of the order.