CONKLIN v. CONKLIN.

(Supreme Court, Appellate Division, Second Department.  March 11, 1908.)

DIVORCE—ALIMONY—ENFORCEMENT OF PAYMENT—PROCEEDINGS FOR CONTEMPT—
PREVIOUS SEQUESTRATION.
    A motion to punish for contempt in failing to pay alimony is properly
    denied, where there is no showing that sequestration proceedings would
    be ineffectual, in view of Code Civ. Proc. § 1773, providing that the order
    to show cause in contempt proceedings may be made without any previous
    sequestration or direction to give security, where the court is satisfied
    that they would be ineffectual.

    Rich, J., dissenting.

Appeal from Special Term, Kings County.

Action by Jeannie L. Conklin against Henry Conklin. From an order denying plaintiff's motion to punish defendant for contempt in failing to pay alimony, she appeals. Affirmed.

See 113 App. Div. 743, 99 N. Y. Supp. 310.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Thomas Gregory (William H. Hamilton, on the brief), for appellant. I. N. Jacobson, for respondent.

MILLER, J.  The plaintiff's motion to punish the defendant for contempt was denied, because it did not appear presumptively to the satisfaction of the court that payment could not be enforced by means of sequestration proceedings, and an order sequestering the defendant's personal property and the rents and profits of his real property, the appeal from which was argued herewith (109 N. Y. Supp. 187), was made.  Section 1773 of the Code of Civil Procedure provides that the order to show cause in contempt proceedings may be made without any previous sequestration or direction to give security, where the court is satisfied that they would be ineffectual.

The plaintiff made no effort to show that sequestration proceedings would be ineffectual.  There was $675 alimony due her.  The defendant showed that there were three policies of insurance on his life, having a present loan value of $230 each, and a fourth having a present loan value of $660.  The plaintiff is the beneficiary named in each.  The first three policies aforesaid provide that the insured may change the beneficiary without the latter's consent, and the defendant has undertaken to make his estate the beneficiary.  The other policy provides that the beneficiary cannot be changed without her consent, but the policy reverts to the defendant in case of her prior death.  It is not necessary now to determine the nature of the defendant's interest in that policy, or whether anything can be realized by a sale of such interest; for it at least presumptively appears that he has an interest in the other three policies upon which more than enough can be realized to pay the amount of alimony due, and the plaintiff cannot defeat the defendant's right to change the beneficiary by retaining possession of the policies unless she has a right to retain possession.  There is nothing in the record before us to show that she

has any interest whatever, except as beneficiary; but we do not undertake now to pass upon her rights. All that we decide is that the learned justice properly denied the motion to punish for contempt, for the reason that it did not appear that sequestration proceedings would be ineffectual.

Order affirmed, with $10 costs and disbursements. All concur, except RICH, J., who dissents.