(140 App. Div. 255.)

### UTTAL v. UTTAL.

(Supreme Court, Appellate Division, Second Department.   October 20, 1910.)

1. DIVORCE (§ 269*)—TEMPORARY ALIMONY—CONTEMPT—REMEDY.

Under Code Civ. Proc. § 1773, before granting an order to show cause why a husband should not be punished for contempt for failure to pay temporary alimony, it should appear presumptively that payment cannot be enforced by sequestration proceedings, or by resorting to the security, if any, given under the statute; but such order may be made without any previous sequestration or direction to give security, when the court is satisfied that this will be ineffectual.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 756–763;  Dec. Dig. § 269.*]

2. DIVORCE (§ 269*)—TEMPORARY ALIMONY—CONTEMPT—PRESUMPTIONS.

On motion to punish for contempt of an order to pay temporary alimony, that on account of the husband's poverty he was not required to pay any counsel fee, and was only required to pay $4 weekly, creates a presumption that he had no property which could be reached through a receiver.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 756–763;  Dec. Dig. § 269.*]

3. APPEAL AND ERROR (§ 712*)—REVIEW—MATTERS NOT IN RECORD.

The Appellate Division cannot consider anything not in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2951;  Dec. Dig. § 712.*]

4. COURTS (§ 237*)—NEW YORK APPELLATE DIVISION—DISCRETIONARY ORDERS.

A discretion to grant a motion to punish for contempt, vested in the Supreme Court, can be exercised by the Appellate Division, as well as the Special Term, since the former is as much a part of that court as the latter.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 689;  Dec. Dig. § 237.*]

Appeal from Special Term, Kings County.

Action by Rachel Uttal against Simon Uttal.   From an order refusing to punish for contempt, plaintiff appeals.   Reversed, and motion granted.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Hirsh & Rasquin, for appellant.

George F. Hickey, for respondent.

BURR, J.   This action is brought for a separation, on the ground of cruel and inhuman treatment of plaintiff by defendant.   On the 22d day of September, 1909, an order was duly made directing defendant during the pendency of said action to pay plaintiff the sum of $4 per week for her support and maintenance and that of the two children

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

of the marriage, and a certified copy of such order was served on defendant personally within this state. On April 2, 1910, defendant was in arrears in payment of the sums required by said order to be paid in the amount of $110. Thereupon plaintiff caused a written demand for payment to be served upon him, and upon affidavits showing the pendency of this action, the granting of said order, due service of a copy thereof and of such demand, and failure on defendant's part to comply therewith, the court granted an order requiring him to show cause why he should not be punished for contempt. Upon the return day of said order, defendant appeared, but submitted no affidavits in opposition to said motion, nor, so far as the record discloses, was any excuse presented for his disobedience. From the order denying the motion to punish for contempt, this appeal is taken.

Before granting the order to show cause upon which this proceeding is based, it should appear presumptively to the satisfaction of the court granting the same that payment cannot be enforced by sequestration proceedings, or by resorting to the security, if any, given as prescribed in the statute. But such order may be made without any previous sequestration or direction to give security, when the court is satisfied that this will be ineffectual. Code Civ. Proc. § 1773; Conklin v. Conklin, 125 App. Div. 280, 109 N. Y. Supp. 189. It does not appear that any security was given in this case, and there is no direct allegation in the moving papers that sequestration would be ineffectual. But it does appear that on the sole ground of defendant's poverty he was not required to pay any counsel fee, and that for the support of his wife and two children he was only called upon to pay $4 a week. From this fact alone we think that a presumption would arise that defendant had no property which could be reached through a receiver.

It was urged on the argument that the granting or denial of the motion rested in discretion, and that for reasons which do not appear in the record that discretion was wisely exercised at Special Term. It is hardly necessary for us to say that we can consider nothing which does not appear in the record. The order in this case affects a substantial right, and, if it be deemed to rest in discretion, the discretion to be exercised is that of the Supreme Court, "and the Appellate Division is as much a part of the Supreme Court as the Special Term at which the application was made." Ellensohn v. Keyes, 6 App. Div. 601, 39 N. Y. Supp. 774.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to punish for contempt granted, with $10 costs, and the proceedings remitted to the Special Term to proceed accordingly. All concur.