(85 Misc. Rep. 253)

## JACOBSON v. JACOBSON.

### (City Court of New York, Special Term. April, 1914.)

1. DIVORCE (§ 277*)—ENFORCEMENT OF ALIMONY—SEQUESTRATION.

   Where an order is made pendente lite for the payment of alimony, the remedy for the enforcement of the accrued alimony is under Code Civ. Proc. § 1772, by motion first to sequestrate the property of the husband, and if no property can be found, upon his failure to pay such accrued alimony, then under section 1773 to move to punish him as for a contempt.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 733–734½; Dec. Dig. § 277.*]

2. DIVORCE (§ 277*)—ENFORCEMENT OF ALIMONY—APPLICATION FOR ENTRY OF JUDGMENT—NOTICE.

   Where a final decree has been entered in favor of the plaintiff, granting her a separation from the defendant, she may apply to the court where the action is pending, without notice to defendant, for the entry of judgment for installments of alimony in arrears as they accrue; such action not being the rendition of a new judgment, but merely putting the judgment in such form that execution can issue thereon.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 733–734½; Dec. Dig. § 277.*]

Action to recover accrued alimony by Anna Jacobson against Ignatz Jacobson. Defendant's motion for judgment on the pleadings granted.

Max Brown, of New York City, for plaintiff.
Abraham S. Sarasohn, of New York City, for defendant.

FINELITE, J. This is a motion for judgment upon the pleadings under section 547 of the Code of Civil Procedure. The action is brought by the plaintiff against the defendant, her husband, to recover the sum of $1,800, being an alleged balance due for accrued alimony which had been awarded to the plaintiff against the defendant at the rate of $20 per week, in and pursuant to an order made on the 6th day of November, 1911, in an action in the Supreme Court and entered

.in the office of the clerk of the county of New York on said day aforesaid.

Defendant contends that the remedy of the plaintiff is in a proceeding by order to sequestrate the property of the defendant under section 1772 of the Code of Civil Procedure, and, if the defendant refuses to apply his property towards the payment of alimony, that the court should make an order, under section 1769 of the Code, ordering the rents and profits of the defendant's real estate to be sequestrated, and may appoint under said section a receiver of the defendant's property, and upon default of the defendant in complying with said order and in failing to pay the amount due as alimony, as specified in the order, and if it appears to the satisfaction of the court that payment cannot be enforced by means of sequestration proceedings, then the court may enforce the order by proceedings in contempt, as was stated in Weber v. Weber, 93 App. Div. 149, 87 N. Y. Supp. 519; also that all proceedings to compel the payment for alimony pendente lite must be taken in the action, and an order for alimony cannot form the basis of an independent action. Matter of Thrall, 12 App. Div. 235, 42 N. Y. Supp. 439, affirmed 153 N. Y. 644, 47 N. E. 1111.

[1] There seems to be quite a distinction and also a different remedy for the enforcement of payment of accrued alimony awarded under an order pendente lite and a final decree in an action of separation or divorce. Where an order is made pendente lite for the payment of alimony, the remedy seems to be, under sections 1772 and 1773 of the Code of Civil Procedure, to move, first, to sequestrate the property of the husband, and if no property can be found, upon his failure to pay the accrued alimony awarded under the order pendente lite, then to move to punish him as for a contempt. Stewart v. Stewart, 127 App. Div. 724, 726, 111 N. Y. Supp. 734; Uttal v. Uttal, 140 App. Div. 255, 125 N. Y. Supp. 2, 3.

[2] Where a final decree has been entered in favor of the plaintiff, granting to her a separation from the defendant, plaintiff may apply to the court where the action was pending, without notice to the defendant, for the entry of judgment for installments of alimony in arrears as they accrue; such action not being the rendition of a new judgment, but merely a means of putting into practical effect plaintiff's right to have her judgment in such form that execution can issue thereon. Thayer v. Thayer, 145 App. Div. 268, 129 N. Y. Supp. 1035. From an examination of the authorities herein cited it appears that the plaintiff is estopped from bringing this action to recover the sum of $1,800 accrued alimony, and that her proper remedy to recover the amount due. is in the matrimonial action, as hereinabove pointed out.

Therefore the motion for judgment upon the pleadings must be granted, with $10 costs, upon the grounds that the complaint does not state facts sufficient to constitute a cause of action. Order signed.