Rose Goldman, Plaintiff, *v.* Isaac Goldman, Defendant.

(Supreme Court, New York Special Term, June, 1918.)

Contempt — when motion to punish for, denied — actions — motions and orders — husband and wife — alimony — affidavits.

Before the court can grant an order to show cause why a husband should not be punished for contempt in failing to pay alimony and counsel fees it must presumptively appear to the satisfaction of the court that payment cannot be enforced by sequestration proceedings or by resorting to the security, if any be given, as prescribed by statute.

An order to show cause why the defendant in an action for a separation should not be punished for contempt for failure to pay alimony and counsel fees is defective where it fails to set forth an adjudication that such payment cannot be enforced by sequestration proceedings, or by resort to the security, if any was given.

Where it appears on the motion that defendant gave no security for the payment of alimony and counsel fees directed to be paid, and the only reference in the moving papers to the ineffectiveness of sequestration proceedings is contained in the affidavit of the plaintiff which merely states that the order for the payment of alimony and counsel fees cannot be enforced by sequestration for the reason that defendant has disposed of all his property so that plaintiff cannot reach it, the motion will be denied, with leave to renew upon sufficient papers.

Motion to punish the defendant for contempt.

Goldstein & Phillips, for motion.

Samuel Dickstein, opposed.

Giegerich, J. The plaintiff, in an action for a separation, moves by an order to show cause to punish the defendant for contempt for his alleged failure to pay the balance of the counsel fee and certain alimony

heretofore directed to be paid by him. Various objections are made by the defendant to the sufficiency of the moving papers, but in view of the conclusion reached upon the point hereafter referred to it will not be necessary to discuss the other objections advanced by him. The motion is defective because of the failure to set forth in the order to show cause an adjudication that payment of the alimony and counsel fee cannot be enforced by sequestration proceedings or by resort to the security, if any was given. Section 1773 of the Code of Civil Procedure provides that where the husband makes default in the payment of any sum of money specified in the preceding section as required to be paid by the judgment or order directing the payment thereof, '' and it appears presumptively, to the satisfaction of the court, that payment cannot be enforced by means of the proceedings prescribed in the last section, or by resorting to the security, if any, given as therein prescribed, the court may, in its discretion, make an order requiring the husband to show cause before it, at a time and place therein specified, why he should not be punished for his failure to make the payment; and thereupon proceedings must be taken to punish him, as prescribed in article 19 of the Judiciary Law, for the punishment of a contempt of court, other than a criminal contempt. Such an order to show cause may also be made, without any previous sequestration, or direction to give security, where the court is satisfied that they would be ineffectual.'' It will be seen from a reading of these provisions that, before the court can grant an order to show cause why a husband should not be punished for contempt in failing to pay alimony, it should appear presumptively to the satisfaction of the court that payment cannot be enforced by sequestration proceedings or by resorting to the security, if any be given, as prescribed by

Supreme Court, June, 1918.    [Vol. 103.

statute. *Conklin* v. *Conklin, No.* 2, 125 App. Div. 280;
*Uttal* v. *Uttal,* 140 id. 225. The papers show that no
security has been given by the defendant to secure the
payment of the alimony and counsel fee directed to be
paid by the order made herein. The only reference
in the moving papers to the ineffectiveness of seques-
tration proceedings is contained in the affidavit of the
plaintiff, which merely alleges that the order for the
payment of alimony and counsel fee cannot be enforced
by sequestration for the reason that the defendant has
disposed of all of his property so that she cannot reach
the same. The defendant claims that such allegation
is a mere conclusion of law, based upon no facts to
justify punishment of such contempt or to permit the
court to speculate upon what evidence the order was
granted. As the order to show cause does not state
that it appeared presumptively to the satisfaction of
the court that sequestration proceedings would be
ineffectual, it is impossible to determine whether or
not the sufficiency of the allegation in question was con-
sidered when the order was granted. For aught that
appears to the contrary, that point may not have been
considered at all. Mr. Justice Delehanty, in constru-
ing the above quoted provisions, recently held that
there should be an adjudication in the order to show
cause that payment of the alimony cannot be enforced
by sequestration proceedings or by resort to the
security, if any, given. *Taliaferro* v. *Taliaferro,* N. Y.
L. J., March 14, 1918. I fully agree with him, and the
failure to recite such an adjudication in the order to
show cause is fatal to the proceeding. As this is the
second ineffectual attempt on the part of the plaintiff
to punish the defendant for contempt, it is suggested
that plaintiff's counsel read the defendant's memo-
randum submitted in opposition to the present motion
before instituting new contempt proceedings. The

Pub. Serv. Comm. v. New York & Queens G. Co.    **703**

Misc.]                    Supreme Court, June, 1918.

clerk is directed to permit them to read such memorandum and to make such extracts therefrom as they may desire within five days after the publication hereof and before such memorandum is returned to the defendant's attorney. Motion denied, without costs, and with leave to renew on sufficient papers.

Motion denied, without costs.