Matter of the Judicial Settlement of the Accounts of the Administrators of the Estate of ELMER L. BRACE, Deceased.

(Surrogate's Court, Niagara County, November, 1918.)

Alimony — when claim for unpaid, is payable out of estate — decedents' estates.

> A claim for unpaid alimony accrued at the death of a decedent is payable out of his estate.

PROCEEDING upon the judicial settlement of the accounts of an administrator.

Misc.] Surrogate's Court, Niagara County, November, 1918.

Clarence J. Browning, for administrators.

Havens, Mann, Strang & Whipple, for claimant Cora P. Brace.

FISH, S. The claimant presented a claim of $7,200 with interest thereon from April 15, 1916, for unpaid alimony accrued at the time of decedent's death, which claim was rejected by the administrators and tried on this proceeding. The claimant, who was the wife of the decedent, secured, in the Supreme Court, this state, a decree of separation on January 3, 1902, in which she was awarded the custody of their son during minority, and he the custody of their two daughters during minority, and in which he was directed to pay to the claimant $12 per week '' for her support and mainte-nance and the maintenance, support and education of their son.'' The decree provided that either party might apply to the court to increase or diminish the said amount and that the court could, on such applica-tion, make such further order or direction in regard thereto as might be proper; and our Code of Civil Pro-cedure (§ 1771) at that time provided and still pro-vides that the court might in a matrimonial action, at any time after decree, upon due application, annul, vary or modify such direction in a decree. The son died in November, 1910, and the decedent on April 15, 1916. The $12 per week was paid up to and including August 1, 1904, nothing thereafter, and there was unpaid at date of decedent's death $7,200. The decree has never been amended, varied or modified.

The administrators assert (1) that the claim is not a debt; (2) that only debts can be allowed and paid.

While I think that *Matter of Williams*, 208 N. Y. 32, unquestionably settles the question adverse to the administrators, their counsel has presented an exhaust-

ive brief strongly contending to the contrary, citing this case and also *Wetmore* v. *Markoe,* 196 U. S. 68, in which latter case the court held that a claim for arrears of alimony was not a debt within the meaning of the word " debts " as used in the Bankruptcy Law wherein it is provided that a discharge " shall release a bankrupt from all of his provable debts," and also citing *Romaine* v. *Chauncey,* 129 N. Y. 570, in which latter case it was held that arrears of alimony was not a debt and could not be reached by a creditor of a wife whose debt existed prior to the decree in which the alimony was awarded. The reasoning of these cases is that alimony is not founded on contract, but on duty; that the husband owes the duty to the wife of support and maintenance, which duty continues after decree of divorce or separation for his fault; that this is a general duty over which the husband had discretionary control and by the decree becomes a specific duty under the control of the court and subject from time to time to be changed by the court in accordance with the changed circumstances of the parties, and the conclusion reached that alimony is not strictly a debt due to the wife but rather a general duty of support, made specific and measured by the court.

In *Van Ness* v. *Ransom,* 215 N. Y. 560, the court said with reference to the two last cited cases: "These and similar decisions have all been rendered in an effort of the courts to protect alimony and prevent it from being perverted even by the wife from the purposes for which it was intended."

And in the *Wetmore* case the court said: " The bankruptcy law should receive such an interpretation as will effectuate its beneficent purposes and not make it an instrument to deprive dependent wife and children of the support and maintenance due from the hus-

band and father, which it has ever been the purpose of the law to enforce  *  *  *

"Unless positively required by direct enactment the courts should not presume a design upon the part of Congress in relieving the unfortunate debtor to make the law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the husband to support his wife and to maintain and educate his children."

It was under such and similar circumstances that the strictly legal definition of debt was applied and alimony held not a debt; theretofore alimony had been described as " a judicial debt of record " (*Barber* v. *Barber,* 21 How. [U. S.] 582), and in *Lynde* v. *Lynde,* 162 N. Y. 417, Judge Gray referred to alimony " as a debt of record." It is now well settled, however, that according to the strictly legal definition of the word arrears of alimony is not a debt; but it is nevertheless a claim in the nature of a debt and as such survives the husband's death and may be claimed out of his estate. *Van Ness* v. *Ransom,* 215 N. Y. 557; *McIlory* v. *McIlory,* 208 Mass. 458; *Knapp* v. *Knapp,* 134 id. 353; *Martin* v. *Thison,* 18 L. R. A. (N. S.) 257; *Smith* v. *Smith,* 1 Root (Conn.), 349; *Sloan* v. *Cox,* 4 Hayw. (Tenn.) 75.

Section 2682 of the Code of Civil Procedure does provide that executors and administrators " must proceed with diligence to pay the debts of the deceased;" but in the same article, section 2677, makes provision for notice to creditors to present claims; section 2678 as to the effect of failure to present "a claim;" section 2677 uses the word " debt " in its broader significance and in the sense of claim as appears from the section following where the word " claim " is used with reference to the same subject matter and in which the words " claim or debt " are twice used.

In *Cornes* v. *Wilkin,* 79 N. Y. 129, the court said with

reference to a statute similar to the present statute relating to presentation of claims: " Claims of every name, nature and description, which exist or are likely to exist against an estate, shall be presented as required * * * They embrace those which are due, as well as such as are contingent or likely to become due, or which by any possibility may be established."

The word " debts " as used in said section 2682 includes not only debts within the strict legal meaning of that word existing at time of death but also claims then existing which have thereafter become debts within the strict legal meaning of the word by allowance or adjudication.

It appears from the account as filed that the debts and claims against the estate, other than this unpaid alimony, have been paid and there is in the hands of the administrators the sum of $1,087. Claimant does not ask that the accounts of the administrators be surcharged with the percentage of the amount of unpreferred claims paid by them over and above the *pro rata* share of such claims and only asks that the balance in the hands of the administrators, after deduction of costs and expenses of the accounting, be paid to the claimant.

Claim allowed at $7,200.

Decree granted settling account and directing payment to claimant of said sum of $1,087, less commissions and expenses of this accounting.

Decreed accordingly.