HORACE A. PHINNEY, Plaintiff, *v.* HARRY W. ANDRUS, Defendant.

(City Court of the City of New York, Special Term, September, 1919.)

Actions — what is a chose in — separation agreement — pleading — contracts.

> The right of a wife to payments due under a separation agreement is a chose in action and assignable.

> Where in an action to recover payments due and payable pursuant to the separation agreement made a part of the complaint, any facts recited therein are to be considered as alleged in the pleading.

> An objection that there is no allegation that plaintiff's assignor has not remarried is met by an allegation that she has duly performed all the conditions of the agreement on her part, and, under such an allegation, the facts may be shown.

MOTION for judgment on the pleadings.

Young & Hughes, for motion.

Austin & Abruzzo (Arnold O. Schramm, of counsel), opposed.

FINELITE, J.   These are cross-motions.   The defendant demurs to the amended complaint upon the ground that it does not state facts sufficient to constitute a cause of action; that there is a defect of parties plaintiff in that plaintiff's assignor is a necessary party to the action and has not been made a party herein, and that plaintiff has not legal capacity to sue in that the separation agreement annexed to the complaint, and made part thereof, shows upon its face that the alleged contract between the defendant and his wife (plaintiff's assignor) was personal to her, and the right to receive payment of the amounts stipulated

thereunder was and is not assignable by her. Plaintiff moves for judgment on the pleadings, and the defendant makes a cross-motion for judgment in his favor, thus bringing up the demurrer for decision. The action is predicated upon a written agreement entered into between the defendant and his wife (plaintiff's assignor), wherein said persons agreed to live separate and apart from each other during their natural lives, the defendant promising to pay or cause to be paid to his said wife the sum of seventy dollars between the first and tenth of each and every month, and the said payments to be made by checks to be forwarded by him to her at her place of residence, the plaintiff's assignor agreeing to take in full satisfaction for her support and maintenance the said sum of seventy dollars a month, payable as aforesaid. Defendant failed to make the payment due in August, 1917, and also failed to make the payments due in the ten succeeding months. This action is brought to recover for said defaulted payments, which were assigned to this plaintiff before the commencement of this action, and after their accrual. The defendant urges in support of his demurrer and his motion for judgment that the right to recover said moneys is not assignable. There is a distinction between alimony awarded pursuant to judicial decree and an agreed sum due and payable under an agreement of separation between husband and wife. In the former instance the remedy is to enforce the payment of alimony thus awarded according to the remedies granted by sections 1771 and 1772 of the Code of Civil Procedure by sequestration proceedings, and if no property can be found, upon his failure to pay the accrued alimony awarded, then to move to punish him as for a contempt. Such remedies are exclusive, and therefore no separate action may be brought for the recovery of alimony thus awarded. *Jacobson*

v. *Jacobson*, 85 Misc. Rep. 253. There is no action pending between said husband and wife, and said money now due and payable became so pursuant to an agreement between them. The right of plaintiff's assignor to said money, for the recovery of which this action is brought, is a chose in action, and is assignable. *Matter of Thrall*, 12 App. Div. 235; affd., 153 N. Y. 644. The separation agreement is made part of the complaint and referred to therein, and any facts recited in such instrument are to be considered as alleged in the pleading. *Slack* v. *Heath*, 4 E. D. Smith, 95, 109; affd. by Court of Appeals, June, 1860. The right to the payment of this money is assignable by the wife, and this action is properly brought by plaintiff as her assignee. The objection made by the defendant that there is no allegation that the plaintiff's assignor has not remarried is met by the allegation that she has duly performed all the conditions of said agreement on her part to be performed; under such an allegation performance on her part and that she had not remarried before the amount had become due and payable may be shown. *Spence* v. *Woods*, 134 App. Div. 182; *Winter* v. *Winter*, 191 N. Y. 462. Plaintiff's motion for judgment on the pleadings is granted, with ten dollars costs, with leave to the defendant to withdraw his said demurrer and serve an answer herein within six days after service of a copy of the order herein, with notice of entry thereof, upon payment of said costs, and the motion of defendant on the pleadings in his favor is denied, with ten dollars costs, with leave to withdraw said demurrer and serve an answer within six days after service of a copy of the order herein, with notice of entry thereof on payment of said costs.

Ordered accordingly.