In the Matter of the Estate of JOSEPH HUDES, Also Known as JOSEPH HUDIS, Deceased.

Surrogate's Court, New York County, November 16, 1926.

**Executors and administrators — claim by widow of decedent for unpaid alimony — widow obtained order in separation action in Supreme Court, requiring decedent to pay her twenty dollars per week as alimony during pendency of action, but neither enforced said order nor entered final judgment — alimony cannot be made subject of award against estate by decree in Surrogate's Court — claim disallowed.**

The claim of decedent's widow in Surrogate's Court for unpaid alimony awarded her in Supreme Court under an order allowing her twenty dollars per week during the pendency of a separation action, but which she neither enforced nor prosecuted to final judgment must be disallowed, for a claim for alimony, based upon a temporary order in an action, cannot be made the subject of an award against an estate by a decree in a special proceeding in the Surrogate's Court.

All proceedings to compel the payment of alimony *pendente lite* must be taken in the action in which the order for alimony was granted.

CLAIM by widow of deceased for unpaid alimony.

MATTER OF HUDES. **363**

Misc. 362]   Surrogate's Court, New York County, November, 1926.

*Alexander Kahn,* for the executor.

*Sumner L. Samuels,* for the objectant.

FOLEY, S. The claim of Nechama Hudes, the widow of the deceased, for unpaid alimony in the sum of $15,260 is disallowed. By an order made in an action in the Supreme Court, New York county, for a separation in which the claimant was the plaintiff, the sum of $20 per week was awarded to her during the pendency of the action. That order was entered on June 27, 1910. No attempt was made by the widow to enforce liability under this order against her husband in his lifetime, nor did the plaintiff or her attorney bring the case on for trial or take other proceedings to obtain a final judgment. In fact the only inference to be drawn from the testimony as to the relations of the parties is that after the entry of the 1910 order the husband and wife became reconciled and both the action and the order were treated by them as moribund.

Regardless of these circumstances, however, it must be held that the claim is not a valid obligation of the estate. It is well-established law that a claim for alimony, based upon a temporary order in the action, cannot be made the basis for the recovery of a judgment in an independent action. For the same reasons it cannot be the subject of an award against an estate by decree in a special proceeding in the Surrogate's Court. All proceedings to compel the payment of alimony *pendente lite* must be taken in the action in which the order for alimony was granted. (*Matter of Thrall,* 12 App. Div. 235; affd., on opinion below, 153 N. Y. 644; *Hayes* v. *Hayes,* 150 App. Div. 842; *Jacobson* v. *Jacobson,* 85 Misc. 253; *Weber* v. *Weber,* 93 App. Div. 149; *Phinney* v. *Andrus,* 108 Misc. 717.) The separation action between the parties was a personal one and the rights of the claimant ceased at the death of the decedent when the action abated. (*Matter of Crandall,* 196 N. Y. 127.)

*Van Ness* v. *Ransom* (215 N. Y. 557) and *Matter of Brace* (105 Misc. 178), the authorities cited and relied upon by the claimant, were cases where alimony was awarded by final decree. They are clearly distinguishable in their effect from the situation existing here where the order constituted a temporary allowance of alimony, the non-payment of which cannot be made the basis of a recovery.

Submit decree disallowing the claim and settling the account accordingly. The decree should contain a provision for the payment to the widow of her exemption under section 200 of the Surrogate's Court Act.