F. A. Paddock,
Esq., Referee.—This is a reference under the statute of a claim against the estate of-, late of the city of Hew York, deceased.
The claim is based upon a judgment or decree of the superior court for the county of Hew London, Connecticut, made and entered September 13, 1866, adjudging that the petitioner (the claimant herein) be divorced from her husband (the respondent’s testator), and that he pay to her $12 per month, to be paid monthly, commencing September 13, 1866, until the further order of the court.
At the time this decree was made, the defendant was a resident of the city of Hew York, and did not thereafter reside in Connecticut. About three months after the decree was entered, he paid $25 on account of the alimony but made no payment thereafter. He subsequently died, having meantime married a second wife (the respondent), to whom he left his property by will. The court in Connecticut never made any further order in respect to the alimony, nor was the decree ever reversed or recalled.
The claimant now alleges that there is due to her from the estate of said testator a balance of alimony amounting to upwards of $1,500. This claim is contested upon these grounds :
First. There is no debt within the contemplation of the statute or which can be enforced in this State.
Second. That no proceeding to enforce the payment of the alleged alimony can be taken without leave of the court in which the decree was made; and,
*166 Third. That in no event can relief be had under the decree for more than one year prior to the death of the testator.
It seems to me that none of these objections are tenable.
Under the law of Connecticut, immediately after the making of the decree referred to, the petitioner became a judgment creditor of the respondent therein in respect to the installments of alimony payable under the decree, as the same became severally due, and could have enforced payment thereof by appropriate remedies (Smith v. Smith, 1 Root, 349; Lyon v. Lyon, 21 Conn. 185). There can be no doubt, therefore, that had the testator returned to the State of Connecticut, he could have been compelled by attachment, or by a suit in equity, as an incident or accessory to the divorce suit, to pay the alimony, and had he died, leaving property there, that property could have been reached for the purpose of satisfying any amount which might have remained due under the decree.
If then the claimant was entitled by the decree of a court of competent jurisdiction in Connecticut to the payment of certain moneys, was she without remedy in the State of New York ?
It seems to me quite clear that, under the Constitution of the United States, she could, by resort to the courts of that State, enforce the payment of whatever moneys became due to her under the decree of the court of Connecticut (Simonton v. Barrell, 21 Wend. 362). In Barber v. Barber,* it was held that when a decree in an action for divorce is made awarding alimony, it becomós a judicial debt of record against the husband, which may be enforced by execution against his property, or by attachment against his person, issuing from the court which made the decree, and when that cannot be done because of the residence of the husband in *167 another State, where the process of that court cannot reach him, the wife may sue him wherever he may be found for the purpose of recovering the alimony due to her, or to carry the decree into judgment there, with the same effect that it has in the State in which it was made.
It cannot be doubted that if the claimant could have ■ brought an action in a court of this State against the deceased in his lifetime, for the purpose of recovering the alimony due to her, or to carry the Connecticut decree to effect, she may have the same, or an equally effective, remedy against his legal representatives after his death.
Equitable as well as legal claims may be enforced against the estate of a deceased person, and a judgment debt is provable equally with a simple contract debt.
I can see no reason why the claimant should be required to obtain leave of the court which made the decree to this proceeding. There is nothing in the statutes of Connecticut or New York which indicates that such leave should be obtained. .
The claimant’s rights under the decree are absolute, and, at least so far as proceedings in this State are concerned, can be enforced without the permission of a foreign tribunal. •
There is, therefore, in my opinion, a valid claim which may be enforced against the estate of the decedent, unless the claimant has waived her rights by neglect or otherwise.
It is contended that, inasmuch as alimony is an allowance for maintenance from year to year, and may be reduced or terminated altogether for cause by the court granting it, the rule of the English ecclesiastical court in reference to waiver should apply. I do not think, however, that any such rule can be said to exist in this State or in Connecticut. Alimony required to be paid under a decree of court in either of these *168 States, is a debt of record, or an interest in the estate of the husband, which cannot be discharged so long as the decree stands, except by payment or by release.
The statutes of both these States seem to have determined the nature, amount and duration of alimony, and, in the absence of any provision looking toward a waiver or forfeiture on the part of the wife by reason of delay in enforcing payment, no court would be justified in applying the rule of the ecclesiastical court.
And it may well be doubted that such rule, even if it existed, would reach this case, because, in the ecclesiastical court, the delay might be explained. And in this case it appears that the husband was continuously absent from the State of Connecticut, the domicil of the claimant, and it does not appear that the claimant Was aware of his whereabouts.
This circumstance might, perhaps, justly be held to relieve the claimant from the extreme harshness of a forfeiture like that suggested, but I do not feel at liberty to place my decision on any such ground, for the reason that I am convinced that, in the State of Connecticut, a decree directing the payment of alimony, in effect, charges the amount to be paid upon the estate of the husband, and vests in the wife an absolute right to the same out of such estate so long as the decree remains in force. In this case the husband left an estate which may justly be said to include all the arrears of alimony, and is larger by just the amount remaining unpaid.
I feel constrained, therefore, to hold that the claimant is entitled to be paid out of the estate of the decedent the arrears of alimony, with interest.
Judgment was entered for the plaintiff upon the report of the referee.
Appeal was not prosecuted.

 21 How. U. S. 582.