### CARPENTER v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

1. EMINENT DOMAIN—DAMAGES—PAYMENT—LIEN FOR TAXES—INTEREST.

 A city liable to pay an award to owners of land taken for park purposes is entitled to deduct therefrom sums due it for taxes which are liens on the land, with interest only to the day the award becomes payable.

2. SAME—MORTGAGEE.

 A mortgagee who has made no proper demand on a city for the payment of his claim out of an award of damages to owners of land taken for public use is not entitled to interest beyond the day the award becomes payable.

Appeal from special term, New York county.

Action by Harry Carpenter against the city of New York and others to compel payment of an award of damages to owners of land taken for park purposes. From a judgment for plaintiff, both parties appeal. Modified.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

Henry G. Atwater, for plaintiff.

George Landon, for defendants.

McLAUGHLIN, J. This action was brought to compel the payment by the city of New York of an award for damages sustained by the taking of certain lands for a public park. The facts are not disputed; the only question presented being one of law. There have been two trials. Upon the first trial two questions were litigated: (1) Whether the city was entitled to retain out of the award made the amount of taxes and water rents which were liens upon the land at the time the title was acquired by the city, and (2) whether a sufficient demand had been made by the persons entitled to the award to render the city liable for interest on the amount of the award. The trial court held that the city had no right to deduct from the amount of the award the taxes and water rents, and that a sufficient demand

had been made to render the city liable for interest. On appeal, however, the judgment was reversed (44 App. Div. 230, 60 N. Y. Supp. 633); this court holding that the city was only liable for the amount of the award without interest, and that it had the right to retain out of the award the amount of taxes and water rents assessed upon or standing against the land at the time it acquired the title. These two questions are again presented on this appeal; but it is unnecessary to consider them, since each was effectually disposed of by our former decision. On the second trial two additional questions were raised: (1) Whether the city was entitled to interest on the amount of the taxes and water rents to the day of trial, or only to the day when the award became payable, and (2) whether the several persons holding mortgages upon the land at the time the city acquired the title to it were entitled to interest on the amount due on the mortgages, payable out of the award, to the day of trial, or only to the day when the award became payable. The trial court held as to the former question that the city was entitled to interest to the day of trial, and as to the latter that the mortgagees were entitled to interest only to the day when the award became payable. From this judgment both have appealed.

We are of the opinion that the learned trial court was correct in holding that the mortgagees were entitled to interest only to the day when the award became payable, but that it erred in holding that the city was entitled to interest upon the taxes and water rents to the day of trial. If the city was not liable to pay interest on the award to the day of trial,—it having taken the land for which the award was made,—it is difficult to see upon what principle of law it could be held that it was entitled to deduct from the award interest upon the taxes and water rents. It is unquestionably true that the taxes and water rents were a first lien upon the land; but that has nothing to do with the question. The mortgages were also liens upon the land, and, assuming that the award was sufficient to pay all of the liens, why should one draw interest any more than the other? Interest is allowed either (1) by agreement of the parties; (2) by force of some statute; or (3) under the common law by way of damages for the nonpayment of a debt or principal sum. Here there was no agreement between the parties that the city should have interest; our attention has not been called to any statute which entitled it to interest; and it certainly cannot be said to have sustained any damage by reason of the nonpayment of the taxes and water rents after it acquired the title to the land, because it not only took and went into possession of the land, but it kept the money which the court had directed it to pay, as a condition of its acquiring the title, to the legal and equitable owners of the land. The city could, at any time after the award became payable, have deducted from it the amount of the taxes and water rents, and manifestly, under such circumstances, it was not thereafter entitled, as against other parties in interest, to the interest on the taxes and water rents. As to the interest upon the mortgages, the trial court was right in holding that the owners were not entitled to interest beyond the day when the award became payable. The city, under the statute, had the right to

take the land for a public use. It, however, could only do so by paying to the owners, either legal or equitable, the value of their respective interests therein. This the city, in legal effect, did when the award which was made became payable, and at that time the persons who had a legal or equitable interest in the land became entitled to the money which had been awarded to them in satisfaction of their interests in the land. The lien which the mortgagees previously held upon the land did not attach to this award; they became part owners thereof. Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892. When the award became payable, that moment interest stopped, because it was given in satisfaction of their lien, unless, upon a proper demand, the city refused to pay. Here a proper demand was not made at or after the award became payable, and, as we held on the former appeal, the holders of the mortgages were not thereafter entitled to interest on them.

The judgment appealed from should therefore be modified to the extent of holding that the city is not entitled to interest on the taxes and water rents after the day the award became payable, and as thus modified the judgment should be affirmed, without costs to either party. All concur.