In the Matter of the Accounting of ALICE D. WILLIAMS et al., as Executors of WILLIAM WILLIAMS, Deceased.

ALICE D. WILLIAMS et al., as Executors et al., Appellants; ELIZA T. WILLIAMS, Respondent.

Judgment — merger — bankruptcy — alimony exempt from discharge in bankruptcy — judgment in action to enforce foreign judgment not discharged by decree in bankruptcy unless foreign judgment is also discharged.

1. The recovery of a judgment in this state, in an action to enforce a foreign judgment for alimony and costs in an action for an absolute divorce, is not a discharge of said foreign judgment, and it is not merged in the judgment recovered here.

2. Alimony due or to become due for the maintenance or support of a wife or child is exempt from discharge in bankruptcy proceedings.

3. A decree in bankruptcy proceedings should not be held to be a discharge of a judgment in one state unless it at the same time is held to be a discharge of any and all judgments of other states which are founded primarily upon the same debt or duty and which have such a relation to each other that a payment of one would result in a defense to or extinguishment of the others. Hence, a judgment in this state, in an action to enforce a foreign judgment for alimony, is not discharged by a decree in bankruptcy. The foreign judgment is not discharged by such decree, and while it remains in full force and effect the judgment here should not be discharged.

4. A claim against a decedent's estate for the amount due upon a judgment rendered in this state in an action upon a foreign judgment for alimony and costs should be allowed, notwithstanding that such decedent, after the recovery of the judgment, obtained a discharge in bankruptcy.

*Matter of Williams*, 152 App. Div. 385, affirmed.

(Argued February 24, 1913; decided March 25, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 18, 1912, which reversed a decree of the Monroe County Surrogate's Court passing the accounts of Alice D. Williams et al., as executors of William Williams, deceased.

The order of the Appellate Division granting leave to appeal to this court certifies that in its opinion the following questions of law are involved which ought to be reviewed in this court, viz.:

1. Was the South Dakota decree merged in or superseded by the judgment recovered in this state on February 17, 1894?

2. Did the discharge in bankruptcy release decedent, William Williams, from liability under the New York judgment?

3. Should the surrogate, on the papers and proofs before him, have allowed the claim of Eliza T. Williams?

The facts, as far as material, are stated in the opinion.

3

*Hugh Satterlee* and *Henry D. Shedd* for appellants. The discharge in bankruptcy released decedent, William Williams, from liability under the New York judgment. (*Barber* v. *Barber*, 21 How. [U. S.] 582; *Audubon* v. *Shufeldt*, 181 U. S. 575; *Dunbar* v. *Dunbar*, 190 U. S. 340; *Wetmore* v. *Markoe*, 196 U. S. 60; *Wood* v. *Wood*, 7 Misc. Rep. 579; *Arrington* v. *Arrington*, 10 Am. Bank. Rep. 103; *Fite* v. *Fite*, 5 Am. Bank. Rep. 461; *Gutta Percha Co.* v. *Mayor of Houston*, 108 N. Y. 276; *Beach* v. *Beach*, 29 Hun, 181.) The South Dakota decree was merged in and superseded by the judgment recovered in this state on February 17, 1894. (*Davies* v. *Mayor*, 93 N. Y. 250; *Carr* v. *Rischer*, 119 N. Y. 117; *Lytle* v. *Crawford*, 69 App. Div. 273; *Goodrich* v. *Dunbar*, 17 Barb. 644; *Purdy* v. *Doyle*, 1 Paige, 558; *Gould* v. *Hayden*, 63 Ind. 443.) The surrogate on the papers and proofs before him should not have allowed the claim of Eliza T. Williams. (*McNulty* v. *Hurd*, 72 N. Y. 518; *Beach* v. *Beach*, 29 Hun, 181; *Brown* v. *West*, 73 Me. 23.)

*James M. E. O'Grady* for respondent. The New York judgment based upon the South Dakota decree for divorce and alimony was not discharged in the bankruptcy proceedings of William Williams. (*Hennessy* v. *Anderson*, 65 Ind. 239; *Noyes* v. *Hubbard*, 64 Vt. 302; *Romaine* v. *Chauncey*, 129 N. Y. 566; *Barclay* v. *Barclay*, 184 Ill. 375; *Dunbar* v. *Dunbar*, 190 U. S. 340; *Wetmore* v. *Markoe*, 196 U. S. 68; *Barbour* v. *Barbour*, 21 How. [U. S.] 582.) There was no merger of the Dakota decree for divorce and alimony and the New York state judgment. (Story on Confl. of Laws [8th ed.], § 599a; *Lynde* v. *Lynde*, 41 App. Div. 280; 162 N. Y. 405; 181 U. S. 183; *Maisner* v. *Maisner*, 62 App. Div. 286; *Romaine* v. *Chauncey*, 129 N. Y. 566.)

CHASE, J. The testator died September 14, 1904. This is a proceeding brought in the Surrogate's Court for

a final judicial settlement of the accounts of the executors of the last will and testament of the testator. The respondent in 1892 was the wife of the testator. In that year, in a contested action in the Circuit Court in the state of South Dakota, she recovered a judgment of absolute divorce against him, and in the judgment was awarded for alimony and costs $32,704.98. In 1894 in a contested action upon said judgment in this state, in which action the issues involved in said action in South Dakota were alleged and shown, she recovered a judgment against him of $35,765.46.

In 1899 the testator filed a petition in an involuntary bankruptcy proceeding in the United States District Court for the Northern District of New York. In said petition and the schedules made a part thereof he stated that his entire indebtedness consisted of two claims against him, one being a note of $500 given for the purchase price of certain stock which he had pledged as collateral security for the payment of said note, and the other being the claim of the respondent, therein described as follows:

"Eliza T. Williams, Rochester, N. Y. This debt is in a judgment recovered in her favor February 17, 1894, and docketed in Monroe County Clerk's Office, and the consideration of the judgment was a judgment recovered in South Dakota for counsel fee and alimony in an action in that state for a divorce, amounting to $35,765.46."

No assets were received by the trustee in bankruptcy. The testator was adjudged a bankrupt and on March 15, 1900, he was discharged from all of his debts which were provable in bankruptcy.

The respondent presented to the executors a verified claim, in which she described said judgment rendered in this state and stated that the same was due and owing to her as "being in the nature of a judgment for alimony." The claim was rejected by the executors and in this proceeding the judgment roll in the said action in South

Dakota, and also the judgment roll in the said action in this state, were received in evidence without objection. It was conceded that said judgments had not been paid, but the executors insisted that the New York judgment had been discharged by the proceeding in bankruptcy. The surrogate by the decree entered herein disallowed the respondent's claim.

It was found as a fact by the surrogate that the judgment recovered in this state was an effort and endeavor on the part of the respondent to enforce the judgment of the Circuit Court of South Dakota.

According to the weight of authority, the recovery of the judgment in this state was not a discharge of the South Dakota judgment and it was not merged in the judgment so recovered in this state.

It may be inconvenient that two judgments should subsist in the same state against the same person on the same judgment, but no such inconvenience can exist in the case of judgments rendered in different states, and there is no sufficient reason for the application of the purely technical doctrine of merger subversive of substantial justice as it would be in such cases. (Story on Conflict of Laws [8th ed], § 599, note a; Black on Judgments [2d ed.], § 864.)

It is claimed by the appellant that admitting that the judgment recovered by the respondent in South Dakota was to enforce a duty enjoined upon the testator by the marital relation, the judgment in this state was purely a judgment for debt represented by the amount of the judgment entered in South Dakota upon which the action was brought.

The bankruptcy statute as it has existed since 1903 expressly provides that alimony due or to become due for maintenance or support of wife or child is exempt from discharge under the Bankruptcy Act (§ 17). Although there was no such express exemption in the bankruptcy statute prior to the amendment in 1903, that amendment

was merely declaratory of the true meaning and sense of the statute as originally enacted. (*Wetmore* v. *Markoe*, 196 U. S. 68.)

In *Audubon* v. *Shufeldt* (181 U. S. 575, 577) the court say: "Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by that court at any time, as the circumstances of the parties may require. The decree of a court of one state, indeed, for the present payment of a definite sum of money as alimony, is a record which is entitled to full faith and credit in another state and may, therefore, be there enforced by suit. (*Barber* v. *Barber*, 21 How. 582; *Lynde* v. *Lynde*, 181 U. S. 183.) But its obligation in that respect does not affect its nature. In other respects, alimony cannot ordinarily be enforced by action at law, but only by application to the court which granted it, and subject to the discretion of that court. Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; and the considerations which affect either can be better weighed by the court having jurisdiction over the relation of husband and wife, than by a court of a different jurisdiction. * * * The result is that neither the alimony in arrear at the time of the adjudication in bankruptcy, nor alimony accruing since that adjudication, was provable in bankruptcy, or barred by the discharge."

The decision in the *Audubon* case is not dependent upon authority of the court, which awarded the alimony, to amend the judgment therefor as the circumstances of the parties may require.

In *Wetmore* v. *Markoe* (196 U. S. 68, 71) the court say: "It is conceded in argument by counsel for the plaintiff in error that this case would be within the decision of this court in *Audubon* v. *Shufeldt* (181 U. S. 575), if the judgment for alimony had been rendered in a court having control over the decree with power to amend or alter the same. It is insisted, however, that there being in this case no reservation of the right to change or modify the decree, it has become an absolute judgment beyond the power of the court to alter or amend, and is, therefore, discharged by the bankruptcy proceedings. (*Walker* v. *Walker*, 155 N. Y. 77; *Livingston* v. *Livingston*, 173 N. Y. 377.) * * * The precise question, therefore, is, is such a judgment as the one here under consideration a *debt* within the meaning of the act? The mere fact that a judgment has been rendered does not prevent the court from looking into the proceedings with a view of determining the nature of the liability which has been reduced to judgment. (*Boynton* v. *Ball*, 121 U. S. 457, 466.) * * * The court having power to look behind the judgment, to determine the nature and extent of the liability, the obligation enforced is still of the same character notwithstanding the judgment. We think the reasoning of the *Audubon* case recognizes the doctrine that a decree awarding alimony to the wife or children, or both, is not a debt which has been put in the form of a judgment, but is rather a legal means of enforcing the obligation of the husband and father to support and maintain his wife and children. He owes this duty, not because of any contractual obligation or as a debt due from him to the wife, but because of the policy of the law which imposes the obligation upon the husband. * * * In the case of *Romaine* v. *Chauncey* (129 N. Y. 566), it was held that alimony was awarded, not in the payment of a debt, but in the performance of the general duty of the husband to support the wife. * * * While it is true in this case the obligation has become fixed by an unalter-

able decree, so far as the amount to be contributed by the husband for the support is concerned, looking beneath the judgment for the foundation upon which it rests we find it was not decreed for any debt of the bankrupt, but was only a means designed by the law for carrying into effect and making available to the wife and children the right which the law gives them as against the husband and father."

In the proceeding now before us, assuming that the surrogate had power to pass upon the question whether the respondent's claim had been discharged by the bankruptcy proceeding, the facts were before the court, and looking beneath the judgments it appears that the foundation upon which the respondent's claim rests is the alimony decreed by the South Dakota court to be paid by the testator to the respondent. The alimony was due in the form of a judgment entered in the legal method of enforcing the testator's obligation.

Even if we give to the appellant's argument all the force and effect that he claims for it, the judgment rendered in South Dakota was not discharged by the decree in bankruptcy.

The inconsistent and absurd results that would arise from holding that the New York judgment was discharged by the decree in bankruptcy, while the South Dakota judgment remained in full force and effect, require that the New York judgment should not be discharged unless the South Dakota judgment upon which it is founded is at the same time discharged.

A decree in bankruptcy proceedings should not be held to be a discharge of a judgment in one state unless it at the same time is held to be a discharge of any and all judgments of other states, which are founded primarily upon the same debt or duty and which have such a relation to each other that a payment of one would result in a defense to or extinguishment of the others.

The order appealed from should be affirmed, with costs

payable out of the estate. First question certified should be answered, not within the purview of the Bankruptcy Act; second question certified should be answered in the negative, and the third question certified should be answered in the affirmative.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, COLLIN and HOGAN, JJ., concur.

Order affirmed.