In the Matter of the Judicial Settlement of the Account of Proceedings of NATHANIEL CURTIS, as Administrator of PHILIP CURTIS, Deceased.

MARY O. CURTIS, Claimant, Appellant; NATHANIEL CURTIS, as Administrator, etc., and Others, Respondents.

First Department, June 13, 1919.

**Decedent's estate — accrued alimony as preferred claim.**

Accrued alimony is in the nature of a judgment debt and a claim therefor made by a widow against the estate of her deceased husband is entitled to the same preference as moneys due under any other decree.

APPEAL by the claimant, Mary O. Curtis, from so much of a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 21st day of June, 1918, as denies the appellant a preference in the payment of her claim.

An appeal is also taken, as stated in the notice of appeal, from the decision of the surrogate.

*Thomas F. Galvin*, for the appellant.

*Albert F. Jaeckel* of counsel [*Joseph A. Nickerson* with him on the brief], for the respondent William W. Caswell.

*Bridgham Curtis*, for the respondent Bartholomew Jacobs.

SMITH, J.:

Mary O. Curtis was, at one time, the wife of Philip Curtis. She procured a judgment against him for divorce, by which he was required to pay to her $250 a month alimony. At the time of his death there was due and unpaid of said alimony $17,675. The estate amounted to about $9,000. The claims against the estate, exclusive of her claim, amount to over $50,000. If her claim for preference be allowed, her claim will absorb all of the estate. In *Thayer* v. *Thayer* (145 App. Div. 268), wherein the plaintiff had procured a judgment against the defendant granting to her alimony which was unpaid, the defendant appealed from an order directing the clerk to docket as a judgment the amount due from the defendant to the plaintiff for unpaid alimony awarded by the final decree of divorce. The court there held that the accrued alimony is in the nature of a judgment debt against the husband and that the wife might make application that the unpaid installments be docketed as a judgment and that the order granting the motion was not a new judgment for the amount, but merely the means of putting into practical effect the plaintiff's right to have her judgment in such form that an execution may be issued. In *Matter of Donovan* (159 App. Div. 228) it was held that a wife who had obtained a final decree of separation from her husband, awarding alimony, and had failed to collect the same by contempt proceedings, might docket a judgment for the amount due, and after the return of an execution unsatisfied, she was entitled to supplementary proceedings. Justice CLARKE, now the presiding justice, after referring to the facts, said: " Of course this judgment is made in the action and, though an order intervene, is upon the original service of the summons and complaint therein." In *Matter of Williams* (152 App. Div. 385) the wife

obtained a judgment of divorce from her husband in South Dakota, with a lump sum for support and alimony. This was afterwards sued over in this State and judgment here obtained. That judgment was held to be a claim against the estate, and while the question did not arise specifically and was not discussed as to whether the judgment was entitled to preference, nevertheless, the claim was allowed upon the New York judgment which ·it was held had not been discharged in bankruptcy, because the New York judgment was based upon the judgment in South Dakota, which was a judgment requiring the payment of alimony — a claim not dischargeable in bankruptcy. This case was affirmed in 208 New York, 32. It is stated in the brief of the appellant that the judgment in that case was afterwards presented to the surrogate and was allowed as a preferred claim. I can see no reason why this is not a claim for moneys due under a decree of the court and why it is not entitled to the like preference as moneys due under any other decree (Code Civ. Proc. § 2682, subd. 3), and, therefore, recommend a modification of the decree and the allowance of the claim of the widow as a preferred claim, with costs to appellant payable out of the estate.

CLARKE, P. J., LAUGHLIN, MERRELL and PHILBIN, JJ., concurred.

Decree modified as directed in opinion and as modified affirmed, with costs to appellant payable out of the estate. Order to be settled on notice.