In the Matter of the Estate of KARL J. HIRNSCHALL, Deceased.

Surrogate's Court, New York County, May 19, 1933.

*Kadel, Van Kirk & Trencher*, for the administratrix.

*Kremer & Leavitt [Samuel Leavitt* of counsel], for the Austrian Consul.

*W. Ludlow James*, for Oscar Thieme, attorney-in-fact for Rosa Rada.

DELEHANTY, S. The claim for accrued installments of temporary alimony is disallowed. Under the authorities it is of no importance whether the claim therefor had been reduced to judgment before or after the death of deceased since all liability for alimony (whether accrued or not) terminates at the death of the husband. (*Faversham* v. *Faversham*, 161 App. Div. 521; *White* v. *White*, 224 id. 355.) The purported judgment was entered after the actual death of deceased and is wholly ineffectual. The questions remaining open under the objections will be heard on May 23, 1933, at two-thirty P. M. In respect of the objection that the accounting party is not the widow of deceased, objectants will be required to show upon the hearing date wherein they are interested in her status. The proof outlined by objectants is to the effect that another living person is the actual widow of deceased. That person, by an agreement approved by this court, has transferred all her interests in the estate

to the accounting party. If any widow in fact survives (whether the accounting party or the person named by objectants), the interests or shares of objectants are as reported in the account and will so remain, unaffected by any determination as to who is the widow.