In the Matter of the Estate of ABRAHAM SCHNIRMAN, Deceased.

Surrogate's Court, Kings County, May 24, 1938.

*Lester Rosenbaum,* for Rae Schnirman, as administratrix, etc., petitioner.

*Nathan Black,* for Sophie Hankin, claimant.

*Salomon A. Hauptman,* special guardian of Harold Schnirman, an infant distributee, and of Bertha Schnirman, an incompetent distributee.

WINGATE, S. On April 21, 1933, the decedent, who was then a married man with seven children, procured in the Supreme Court of this county an absolute divorce from his wife, Sophie, on grounds of her adultery. As then entered, the decree was merely interlocutory. It automatically became final three months thereafter, pursuant to the provisions of section 1176 of the Civil Practice Act. No demonstration has been adduced that any modification of its terms was ever made, wherefore they must be deemed controlling in respect of the subsequent mutual rights and obligations of the parties.

By its second decretal clause, custody of the infant son of the parties, Harold or Harry, was granted to the woman, in spite of her demonstrated delinquency, and the succeeding clause embodied a provision for his maintenance by his father, which read as follows:

" Ordered, adjudged and decreed that the said plaintiff, Abraham Schnirman, is hereby directed and ordered to pay the sum of Seven ($7.00) Dollars weekly commencing the day that this inter-locutory judgment is entered, and on each and every Monday thereafter for the support and maintenance of the issue of the marriage, to wit: Harry Schnirman, said payments to be made by check or money order at the residence of the defendant or at such other place as she may designate in writing."

Abraham died intestate on October 3, 1936, survived by the seven children above noted, as his sole statutory distributees. One of his daughters is an incompetent, and another was appointed administratrix of his estate and is the present accountant. The gross assets shown in the account aggregate $1,225.82, consisting of a bank deposit of $1,052.82, jewelry appraised at $150 and a pre-payment of $25 on a headstone. Funeral and administration expenses, as listed in the account, total $355.43, and, the ex-wife's objections to the contrary notwithstanding, are obviously reason-able and proper. The composite result, therefore, is that the net estate with which the administratrix is chargeable amounts to $870.39. The ex-wife has presented a claim in the sum of $1,267, with interest from the 28th day of March, 1933, the propriety of which is the subject-matter of the present litigation. Obviously, if substantiated, it will result in the payment to her of the entire net estate of the husband who divorced her by reason of her proved infidelity.

It has been demonstrated that at some undisclosed time the divorced wife remarried. The son, Harry, has at all times subse-quent to the divorce been a member of the household of his present stepfather who has continuously treated him in a manner in all respects identical with that accorded to his own children. Both the *divorceé* and the boy have, since her divorce, been supported by this new husband; during such period, she has never been employed and never received any money from any source other than her present husband.

Certain testimony was adduced on behalf of the estate in an attempt to demonstrate at least partial payments by the decedent of the allowance for support of the boy which was awarded by the decree. The court, however, concurs in the determination of the learned referee that it was far too indefinite upon which to predicate

a concrete decision that any part of the obligation resting upon the decedent in this regard was satisfied by him.

In this situation, the learned referee has found that the former wife possesses a valid claim against this estate for the sums of seven dollars per week for each week from March 28, 1933, to the date of death of the decedent and is entitled to a recovery from the estate in excess of its total net assets. This court is unable to concur in this conclusion.

It is, of course, primary that a husband and father is ordinarily under obligation to supply the necessaries of food, shelter, etc., for his wife and minor children to such extent as may be reasonable in view of his means and station. (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460, 464; *Laumeier* v. *Laumeier*, 237 id. 357, 364.) Judicial directions for the payment of alimony to a wife or of maintenance provisions for the benefit of minor children are predicated on this basic obligation and amount merely to concrete determinations in respect of the *quantum* of such obligations. (*Matter of Williams*, 208 N. Y. 32, 39; *Romaine* v. *Chauncey*, 129 id. 566, 570; *Van Ness* v. *Ransom*, 215 id. 557, 558.)

In every matrimonial action instituted by the husband a subsidiary issue is inevitably involved as to whether or not this obligation of support of the wife has terminated. Whereas for reasons of public policy and by application of the inference of continuance of an existing condition, a defendant wife in a matrimonial action is in most instances *prima facie* entitled to maintenance by her husband so as to warrant an award to her of temporary alimony *pendente lite*, such an award does not constitute a docketable judgment against the husband and is enforcible only in the precise manner authorized by statute, namely, by proceedings for sequestration or punishment for contempt (*Doncourt* v. *Doncourt*, 245 App. Div. 91, 92; *McCormack* v. *McCormack*, 241 id. 762; *White* v. *White*, 224 id. 355, 356; *Jacobson* v. *Jacobson*, 85 Misc. 253, 255; affd., 168 App. Div. 900), with the result that such an award is not a docketable judgment or a provable claim against the estate of a deceased husband. (*Matter of Hirnschall*, 147 Misc. 897.)

An allowance for the support of the wife made after the complete determination of the issues in the matrimonial action, usually termed " alimony " or " permanent alimony," stands on a wholly different basis. In such a situation a decision has been reached that the wife has been exonerated from the usual duties of the marriage relation, but that the previously existing obligation of the husband for her support remains unimpaired. It is consequently a final concrete determination of her rights in this regard and constitutes a judgment debt in her favor payable in future installments

on specified dates so long as the husband lives and the decree remains unmodified. (*Van Ness* v. *Ransom*, 215 N. Y. 557 558, 560; *Matter of Williams*, 208 id. 32, 39; *Matter of Curtis*, 188 App. Div. 470, 472; affd., 228 N. Y. 534.) It may accordingly be reduced to a concrete docketable judgment upon a demonstration of the occurrence of the conditions upon which the maturity of the installment payments was predicated. This may be accomplished either in the court in which the decree was originally rendered (*Thayer* v. *Thayer*, 145 App. Div. 268, 270) or in the Surrogate's Court through the medium of a claim against the estate of the predeceased ex-husband. (*Van Ness* v. *Ransom*, 215 N. Y. 557, 560; *Faversham* v. *Faversham*, 161 App. Div. 521, 524, disapproved on other grounds in the decision last cited; *Matter of Anonymous*, 12 Abb. N. C. 160, 167; *Matter of Glickman*, 132 Misc. 785; semble accord, *Durland* v. *Syracuse Trust Co.*, 230 App. Div. 786.) Not only is such a claim thus provable, but, like any other obligation, founded on a judgment, it is entitled to preference in payment. (*Matter of Curtis*, 188 App. Div. 470, 472; affd., 228 N. Y. 534.) The reason for the result has been stated in *Van Ness* v. *Ransom* (215 N. Y. 557, 560), that " To hold otherwise would be to defeat the object of the law and seriously impair the value of the decree in the wife's favor by depriving her of the credit which she would have to obtain means of support."

The obligations underlying a direction by the court in respect of payments by a father for the maintenance of a minor child whose custody is awarded to the mother in a final decree of divorce or separation are in certain aspects identical with those owed to the wife, except for the fact that they are not conditional upon the outcome of the matrimonial litigation. As was observed in *Laumeier* v. *Laumeier* (237 N. Y. 357, 364): " The husband did not divorce his child, or dissolve his liabilities to it. And what are those rights? The child is entitled to the support and maintenance by its father."

Here, again, the decretal direction is merely a concrete fixation of the extent of the underlying obligation of the father in connection with the support of the child. (*Matter of Williams*, 208 N. Y. 32, 39; *Romaine* v. *Chauncey*, 129 id. 566, 570; *Van Ness* v. *Ransom*, 215 id. 557, 558.)

As the obligation of the father is merely one to the child, it follows that the corresponding right against the father is possessed only by the child. This principle is obvious from the foregoing quotation from the *Laumeier* case and has been reiterated on numerous occasions. (*Swanton* v. *Curley*, 273 N. Y. 325, 329; *Brill* v. *Brill*, 148 App. Div. 63; *Earle* v. *Earle*, 158 id. 552.) In the last cited

case the Appellate Division for this Department observed (at p. 554): " If the defendant be charged with maintenance, then, so long as the infant is in any other custody than that of the defendant, there should be made such restrictions as insure that all moneys furnished by the defendant should be applied exclusively to the infant, and not misapplied by any person directly or indirectly."

Since the sole obligee in this connection is the child itself, it follows that if it has received support and maintenance commensurate with the obligation of the father, it has no cause for complaint and possesses no individual right of action against the father except perhaps in the unusual situations in which it was the possessor of individual property which had been used in supplying such support, or where maintenance has been furnished on the credit of the infant himself.

In the usual case where the father fails in the performance of his obligation in this regard, some third party has furnished the support to the child which the father has failed to supply, and has done so on the faith of the basic underlying obligation of the father. Upon such a demonstration the uniform determination has been to permit a recovery by such third person against the father for the reasonable value of the necessaries thus supplied by the former. (*Laumeier* v. *Laumeier*, 237 N. Y. 357, 364; *De Brauwere* v. *De Brauwere*, 203 id. 460, 462.) As is indicated in *Swanton* v. *Curley* (273 N. Y. 325, 329), the basis of such a recovery is a subrogation of the third party to the rights of the child against the father.

By reason of the theory underlying such a recovery, it follows that the only person who may enforce this obligation is the one who has himself expended money or incurred liability for the support and maintenance of the infant. (*Gerseta Corp.* v. *Equitable Trust Co.*, 241 N. Y. 418, 425; *Matter of Kelley*, 160 Misc. 421, 423; affd., 251 App. Div. 847.)

In the present instance the ex-wife not only expended no money of her own in this regard but admittedly possessed no personal resources from which the expense of the maintenance of the infant could have been paid. As a matter of fact, all expenditures of this variety were voluntarily made by the stepfather. Whether or not he might have had an enforcible claim against the estate is not a presently pertinent question. Presumably he would be barred under the decision in *Swanton* v. *Curley* (273 N. Y. 325, 329), since he apparently " gratuitously and without any evidence of expected reimbursement supported the child." However this may be, the claimant certainly possesses no rights against the estate in this regard.

It may be added in closing that the nature of the direction in the divorce decree was misstated in the proof of claim. There was no direction therein contained for the making of any payment whatsoever to the claimant. All that was ordered was that the decedent should make the specified payments " for the support and maintenance of the issue of the marriage " without the naming of any payee. This conferred no rights whatsoever upon the claimant and was solely for the benefit of the child.

For the reasons stated, the claim will be dismissed upon the merits, with costs to be taxed.

Enter decree on notice in conformity herewith.