In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title to the Real Property Required for the Public Parks Along the Northerly Line of Public Beach between 110th Street (Eastern Avenue) and Beach 73rd Street (Cedar Avenue), etc. HAMMEL BOARDWALK CORP. and Others, Appellants; MANUFACTURERS TRUST COMPANY, as Trustee, etc., Respondent.— Appeal by the owner and the second mortgagees from an order directing the distribution of the balance of an award in condemnation proceedings. The order is modified as follows: Interest on the award is allowed at six per cent from May 12, 1938, when title vested, up to July 1, 1939, when section 3-a of the General Municipal Law became effective, and at four per cent thereafter to the date of payment. The first mortgagee is entitled to a warrant in the sum of $24,750, with interest accrued up to May 12, 1938, the date of vesting of title, together with interest on the aggregate sum from said May 12, 1938, at six per cent up to July 1, 1939, and at four per cent thereafter to the date of payment. The city is not entitled to any interest on its tax lien after the date of vesting of title, to wit, May 12, 1938. (*Carpenter* v. *City of New York*, 51 App. Div. 584; Gen. Mun. Law, § 3-a, as added by Laws of 1939, chap. 594; *Matter of City of New York* [*Bronx River Parkway*], 284 N. Y. 48.) As thus modified, the order is affirmed, without costs. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur. Settle order on notice.

JACOBSON GARMENT CO., INC., Respondent, v. HENRY RAPKIN and HENRY RAPKIN, INC., Appellants, and HYMAN JACOBSON, Defendant.— Action for conversion. Order transferring the cause from the equity to the trial calendar, in so far as appealed from, affirmed, with ten dollars costs and disbursements; and the cause is directed to be placed on the jury trial calendar for Monday, April 7, 1941. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

NANCY J. KAHLER, Respondent, v. CLIFFORD H. SEARL, as Executor, etc., of FREDERICK A. KAHLER, Appellant.— Appeal from an order granting plaintiff's motion to direct the clerk of the county of Queens to docket a money judgment in her favor for unpaid alimony under a judgment of divorce, together with interest and costs, and from the judgment entered pursuant thereto. Order and judgment reversed on the law and the facts, without costs, and the motion denied, without costs. The plaintiff must seek her remedy in the Surrogate's Court. She there filed a claim for unpaid alimony, which was rejected, and, therefore, she must enforce her claim pursuant to section 211, Surrogate's Court Act. Section 1171-b of the Civil Practice Act, under which plaintiff moved for an order directing the clerk to enter a money judgment for unpaid alimony awarded by a final judgment of divorce, contemplates that its provisions may be invoked only at a time when the husband is still alive. (*White* v. *White*, 224 App. Div. 355.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK FORTUNATO, Appellant.— Judgment of the County Court of Kings County, convicting defendant of the crime of manslaughter in the first degree, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.