META S. GOUGH, Plaintiff, *v.* ALMA FROST et al., Defendants.

Supreme Court, Trial Term, Queens County, November 10, 1947.

*Joseph S. Rodell* for plaintiff.

*Charles E. Singer* for defendants.

FROESSEL, J.   The plaintiff, who had obtained a final judgment of separation against her husband on April 30, 1930, which judgment was entered on May 5, 1930, sues to recover the sum of $1,716 from his devisees and legatees for unpaid alimony which had accrued from March 20, 1939, to the decedent's death on November 20, 1942.   His last will and testament was admitted to probate on March 1, 1943, and the defendant Alma Frost was duly appointed his executrix.

She and the other two named defendants are the sole legatees and devisees mentioned in the will.   However, except for savings bonds made payable to designated beneficiaries, the balance of the estate, after payment of expenses, aggregating $4,327.29, was distributed to the said Alma Frost, and accordingly the action was discontinued at the trial as against the other two defendants.   Plaintiff was not named in the will and received no notice of probate proceedings.   Indeed the now sole defendant conceded that she did not know there was a surviving widow, either at the time of the filing of the petition for letters or at the . time of distribution, but " thought she [plaintiff] predeceased Mr. Gough."

In bringing this action, plaintiff invokes the provisions of section 170 of the Decedent Estate Law which provides, in substance, that an action " for a debt of the decedent, upon which an action might have been maintained, against the executor or administrator " may be maintained against the next of kin or legatees of a testator to the extent of the assets paid or distributed to them. .

The defendant contends that an independent action for arrears of alimony awarded in a matrimonial judgment by the courts of this State cannot be maintained; that the provisions of section 1171-b of the Civil Practice Act with respect to docketing a judgment for unpaid alimony are exclusive, and in any event can be invoked only during the lifetime of the husband.

At the outset, it is to be observed that we are dealing here with a *final* matrimonial judgment, not an order made *pendente lite,* and accordingly the authorities cited by the defendant in the latter connection have no application here.   In *Van Ness v. Ransom* (215 N. Y. 557) it was held that alimony awarded by a final judgment and which had accrued prior to the wife's death was not a personal claim which died with her, but was a right which survived in favor of her personal representatives,

even against the *estate of the husband* up to the time of his death. Said the court, at page 559: " The analogous proposition that the wife may hold the husband's estate for alimony due and unpaid at the time of his death has also been sustained. [Citing cases.] "

In *Matter of Curtis* (188 App. Div. 470, affd. 228 N. Y. 534), the Appellate Division held that a wife's claim for accrued alimony awarded by a *final* judgment of divorce was entitled to a preference against *her husband's estate,* modifying the decree of the court below accordingly.

In *Matter of Schnirman* (167 Misc. 809, 812) the court pointed out the distinction between temporary alimony and alimony allowed in a final judgment, holding that in the latter case it may " be reduced to a concrete docketable judgment * * * either in the court in which the decree was originally rendered (*Thayer* v. *Thayer,* 145 App. Div. 268, 270) or in the Surrogate's Court * * *."

In *Matter of Brace* (105 Misc. 178, 181), the court allowed a claim for unpaid alimony accrued at the time of the husband's death, saying: " It is now well settled, however, that according to the strictly legal definition of the word arrears of alimony is not a debt; but it is nevertheless a claim in the nature of a debt and as such survives the husband's death and may be claimed out of his estate." (Citing *Van Ness* v. *Ransom, supra,* and other cases.)

It is true that our own Appellate Division, in *Kahler* v. *Searl* (261 App. Div. 936) held that the provisions of section 1171-b of the Civil Practice Act may be invoked only at a time when the husband is still alive. However, it was not held that merely because such a judgment was not entered while the husband was alive, the wife was remediless. On the contrary, the court said: " The plaintiff must seek her remedy in the Surrogate's Court. She there filed a claim for unpaid alimony, which was rejected, and, therefore, she must enforce her claim pursuant to section 211, Surrogate's Court Act."

In the case at bar, plaintiff filed no claim, and obviously could not do so because she knew nothing of her husband's estate, and had no notice of the probate proceeding; the defendant, as executrix, distributed the assets to herself in the erroneous belief that decedent was a widower.

Section 1171-b of the Civil Practice Act expressly provides: " The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law."

This provision does not render the other statutory methods of enforcing the payment of alimony (Civ. Prac. Act, §§ 1171, 1171-a, 1172) exclusive, but expressly includes " any and every other remedy ". And so it includes section 170 of the Decedent Estate Law, which allows the recovery in the situation here presented " for a debt of the decedent ". While alimony, in the general meaning of the term, is not a debt, a final decree imposing upon a husband the obligation to pay alimony is, in effect, a judgment for a sum of money of a continuous nature, and as such is tantamount to a debt. (*Gefter* v. *Levy*, 71 N. Y. S. 2d 4, 6.) As was said in *Van Ness* v. *Ransom* (*supra*, p. 560): " Though the court regards a judgment for alimony as property of a peculiar species, which needs the protection of the court, still it is a judgment rendered after a verdict or decision imposing a liability on the husband to pay a particular amount of money, and it does not abate until its purpose is accomplished, any more than any other judgment for money." (See, also, *Matter of Brace, supra,* and *Matter of Schnirman, supra,* p. 812.) The reasoning of the foregoing cases compels a conclusion adverse to the defendant's contention.

The further objection to plaintiff's testimony that the decedent never paid any alimony subsequent to March 20, 1939, was disposed of at the trial. Assuming this testimony stricken, and I rule accordingly, plaintiff nevertheless proved a prima facie case, to dispute which the defendant offered no evidence. Here, where the action is based upon a judgment imposing a clear obligation to pay a definite sum of money at stated intervals, and the claim is made for the whole of one continuous period, plaintiff was not required to prove the negative, and payment was an affirmative defense the burden of establishing which was upon the defendant. (*Lerche* v. *Brasher*, 104 N. Y. 157; *Dowling* v. *Hastings*, 211 N. Y. 199; *Matter of Michaels*, 265 App. Div. 871; *Matter of Rowell*, 45 App. Div. 323; *Hicks-Alixanian* v. *Walton*, 14 App. Div. 199.) *Matter of Thompson*, (149 Misc. 899), cited by and relied upon by defendant, was reversed by the Appellate Division, which expressly held that " the claim was established without express proof of nonpayment " (246 App. Div. 566).

Accordingly, judgment is granted in favor of plaintiff in the sum of $1,716, together with interest and the costs of this action.