Marcus G. Christ, J.
Motion to dismiss the complaint for (1) lack of jurisdiction in the Supreme Court, and (2) failure to state facts sufficient to constitute a cause of action.
The -complaint contains two causes of action. In the first cause it is alleged that the plaintiff obtained a judgment of separation on October 29, 1956 from the defendant’s testate, Howard Vaughn Snow, which judgment provided for a payment of $16,000 in lieu of the payment of weekly or monthly payments of alimony. It is further alleged that $3,500 was paid and the balance of $12,500 was due prior to October 29, 1957 but has not been paid. Howard Vaughn Snow died on October 23, 1957. A claim for $12,500 was presented to his executrix on December 10, 1957 and rejected by said executrix on March 3, 1958. In the second cause of action the plaintiff merely *967 pleads that the executrix is indebted to her for $12,500 as prior to his death Howard Vaughn Snow was indebted to the plaintiff in that amount.
The plaintiff should pursue her remedy in the Surrogate’s Court. Were Howard Vaughn Snow alive, any claim for unpaid alimony under the terms of the judgment could not be made the basis for a recovery in an independent action but would have to be sought in accordance with section 1171-b of the Civil Practice Act (Dempsey v. Dempsey, 205 Misc. 495). Since Howard Vaughn Snow is dead, relief is not available under section 1171-b, but relief must be sought in the Surrogate’s Court under section 211 of the Surrogate’s Court Act (Kahler v. Searl, 261 App. Div. 936). Were the Kahler case (supra) not so emphatic in stating that “ The plaintiff must seek her remedy in the Surrogate’s Court ”, the cause would nevertheless be transferred to the Surrogate’s Court if a motion were made under section 190-a of the Civil Practice Act as it involves the administration of the decedent’s estate and the transaction involved was with the decedent (Schoelles v. Zausmer, 2 A D 2d 979).
Accordingly, the motion to dismiss the complaint is granted without prejudice to any claim which the plaintiff may make in the Surrogate’s Court.
Settle order on notice.