Louis L. Friedman, J.
Defendant moves to dismiss the complaint herein on the ground that (1) the court lacks jurisdiction of the subject matter of the action, and (2) that plaintiff has failed to allege facts sufficient to constitute a cause of action. Two causes of action are alleged in the complaint. In the first, plaintiff seeks to set aside a conveyance of real property made by the deceased during his lifetime, to himself and the defendant herein, upon the ground that she was an alimony creditor at the time of such conveyance, and that as such, the conveyance was a fraud as to her. In her second cause, she seeks to recover the sum of $23,255 representing arrears in alimony. Decedent during his lifetime was married twice. Both of these marriages ended in divorce. Plaintiff was the first wife, while defendant was the second one. The suit is brought against defendant in both her individual capacity and her capacity as administratrix c. t. a. The first cause of action is predicated upon the provisions of section 273 et seq. of the Debtor and Creditor Law. In an action brought under those sections, it is necessary that plaintiff state that the grantor was or would be rendered insolvent by the conveyance which was made; that the conveyance was made for the purpose of avoiding the debt due to plaintiff (Mariner Harbor Nat. Bank & West New Brighton Bank v. Imperial Beverage Corp., 264 App. Div. 785; Empire Box Bd. Corp. v. Active Paper Box Co., 115 N. Y. S. 2d 14; Leitman v. Leitman, 21 Misc 2d 653). None of these allegations is set forth in the complaint before the court. The second cause of action is fatally defective for a more important reason. The law seems to be well settled in this Department that relief under section 1171-b of the Civil Practice Act is not available for arrears in alimony where the debtor husband is dead (Snow v. Snow, 8 *131 A D 2d 516; Kahler v. Searl, 261 App. Div. 936; Gough v. Frost, 190 Misc. 927; Matter of Bassford, 91 N. Y. S. 2d 105). Accordingly, defendant’s first cause of action is dismissed with leave to plead over within 20 days after the service of a copy of the order to be entered herein, with notice of entry thereof. The second cause of action is dismissed by reason of this court’s lack of jurisdiction thereof.