[Civ. No. 27171. Second Dist., Div. Four. May 11, 1964.]

IDA MARK, Plaintiff and Appellant, v. GEORGE SAFREN, as Executor, etc., Defendant and Respondent.

Hansen & Dolle and John K. Blanche for Plaintiff and Appellant.

Buchalter, Nemer, Fields & Savitch and Leon Savitch for Defendant and Respondent.

KINGSLEY, J.—This is a claim by plaintiff, Ida Mark, a resident of New York, against the Estate of Mitchel Safren, for arrears in alimony. The facts are relatively simple and, so far as this appeal is concerned, are not in dispute. In 1923, plaintiff procured a judgment for divorce and alimony in

New York against Mitchel Safren. To this date the judgment has never been modified, altered or set aside. Mitchel Safren died, a resident of California, on May 8, 1958, and George A. Safren was appointed executor of the estate. Plaintiff, alleging that no payments of alimony had ever been made on account of the judgment, filed a creditor's claim against Safren's estate for that portion of the alimony payments that had accured during a period of nine years and five months prior to Safren's death. Upon the creditor's claim being rejected, plaintiff brought action against the executor. The executor defended upon the basis of a release of the judgment executed by plaintiff under seal in 1928, upon various statutes of limitation, and upon laches and waiver. From a judgment adverse to her, plaintiff prosecutes this appeal.

In support of the judgment, certain findings of fact and conclusions of law were made. In finding of fact number V, the court stated: "That it is true that the Decree of Divorce described in paragraph III of the Complaint was not a final judgment and could not become final until reduced to judgment pursuant to Section 1171(b)[1] of the Civil Practice Act of the State of New York and that said Decree was never reduced to judgment under and pursuant to said Section."

Similarly, conclusions of law I and II state:

"I

"That the Decree of Divorce and Alimony described in paragraph III of the Complaint is not entitled to full faith

---

[1]Section 1171-b reads: "Where the husband, in an action for divorce, separation, annulment, or declaration of nullity of a void marriage, or a person other than the husband when an action for an annulment is maintained after the death of the husband, makes default in payment of any sum of money as required by judgment or order directing the payment thereof, the court in its discretion may make an order directing the entry of any judgment for the amount of such arrears, or for such part thereof as justice requires having regard to the circumstances of the respective parties, together with ten dollars costs and disbursements. The application for such order shall be upon such notice to the husband or other person as the court may direct. Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law; provided that when a judgment for such arrears or any part thereof shall have been entered pursuant to this section, such judgment shall thereafter not be subject to modification under the discretionary power granted by this section; and after entry of such judgment the judgment creditor shall not be entitled to collect by any form of remedy any greater portion of such arrears than that represented by the judgment." (Now § 244 of New York Dom. Rel. Law.)

and credit under the Constitution and the laws of the United States and is not entitled to comity by the State of California or any of the Courts thereof.

"II

"That said Decree of Divorce described in paragraph III of the Complaint is not and never became a final Judgment of Divorce and Alimony under and pursuant to the laws of the State of New York."

Under New York law, a decree of alimony is a final and concrete determination of the obligation of a husband to support his former wife and constitutes a judgment debt in her favor payable in future installments so long as the husband lives and the decree remains unmodified. (*In re Bassford's Will* (1949) 91 N.Y.S.2d 105; *In re Schnirman's Estate* (1938) 167 Misc. 809 [4 N.Y.S.2d 800].) However, in New York, a decree of alimony which is not reduced to judgment as to accrued and unpaid installments is subject to retroactive modification by the court. (§ 1171-b of the Civil Practice Act; *Griffin* v. *Griffin* (1946) 327 U.S. 220 [66 S.Ct. 556, 90 L.Ed. 635], interpreting the law of New York; 6 A.L.R.2d 1292.) But where the husband has died and the decree awarding alimony has not been altered or modified the wife may enforce her claim, *in full*, for arrears in alimony against the estate of her deceased husband (*Snow* v. *Snow* (1958) 177 N.Y.S.2d 607; *In re Bassford's Will, supra* (1949) 91 N.Y.S.2d 105; *In re Paine's Estate* (1939) 12 N.Y.S.2d 201; *In re Schnirman's Estate, supra* (1938) 167 Misc. 809 [4 N.Y.S.2d 800]); and enforcement for such arrears is not available against a deceased debtor husband pursuant to section 1171-b of the Civil Practice Act, but claim for enforcement of payment must be made in the Surrogates Court pursuant to section 211[2] of the Surrogate's Court Act. (*Torr* v.

---

[2]Section 211 reads as follows: "If the executor or administrator doubts the justice or validity of any claim presented to him, he shall serve a notice in writing upon the claimant that he rejects said claim or some part of it, which he specifies. Unless the claimant shall commence an action on his claim against the executor or administrator within three months after the rejection, or if no part of the debt is then due, within two months after a part thereof becomes due, said claimant, and all the persons claiming under him, are forever barred from maintaining such action, and in such case said claim shall be tried and determined upon a judicial settlement. If a claim is presented and rejected in whole or in part for the first time on or after the return date of the citation in an accounting proceeding or if prior to such return date a creditor who is cited and whose claim had theretofore been rejected in whole or in part

*Torr* (1960) 24 Misc.2d 129 [200 N.Y.S.2d 659]; *Snow* v. *Snow, supra,* (1958) 177 N.Y.S.2d 607; *Kahler* v. *Searl* (1941) 261 App.Div. 936 [25 N.Y.S.2d 495]; *In re Bassford's Will, supra,* (1949) 91 N.Y.S.2d 105.) ▇ Since relief for arrears in alimony pursuant to section 1171-b is precluded upon the death of the husband, such accrued arrears amount to a final unmodifiable judgment upon the husband's death and as such are entitled to enforcement in California under the full faith and credit clause of the United States Constitution.[3]

▇ Finding of fact number V, insofar as it purports to state that the plaintiff's decree of divorce and alimony is not a final judgment until reduced to judgment pursuant to section 1171-b of the Civil Practice Act of the State of New York, is but a conclusion of law, and according to the prevailing law in New York is erroneous. Similarly, conclusions of law I and II are contrary to the existing law of this state and of New York and, therefore, are also erroneous.

▇ Nor is plaintiff's claim barred either by section 337.5, subdivision 3, or by section 361 of the Code of Civil Procedure as pleaded by defendant.

Section 337.5, subdivision 3, imposes a 10-year limitation upon the enforcement in California of a *judgment* or *decree* of any court of the United States or of any state within the United States. Section 361 provides that when a *cause of action* has arisen in another state and the action could not be maintained against the person in that state because of lapse of time, an action thereon cannot be maintained in this state.

In New York "... the courts regard a divorce decree awarding alimony as a decree 'directing the payment of a sum of money' within the meaning of section 44[4] of the

---

has not instituted action on any claim asserted to be due on that date in whole or in part, the time herein limited for commencement of an action, if extending for more than thirty days after such return date, shall be further limited to a period of thirty days from such date.'' (Repealed by Laws 1963, ch. 488, § 4, eff. March 1, 1964—Now §§ 210-211c of the Surrogate's Court Act.)

[3]Even if plaintiff here had not proven a final judgment, her claim on the decree would still have been enforceable in California as a matter of comity. (*Worthley* v. *Worthley* (1955) 44 Cal.2d 465 [283 P.2d 19].)

[4]Section 44 provides: "A final judgment or decree for a sum of money or directing the payment of a sum of money, rendered in a court of record within the United States or elsewhere, or a judgment of a court of this state not of record docketed in a county clerk's office upon a transcript filed therein pursuant to law, is presumed to be paid and

Civil Practice Act ... '... it is a judgment rendered after a verdict or decision imposing a liability on the husband to pay a particular amount of money, and it does not abate until its purpose is accomplished any more than any judgment for money.' '' (*In re Bassford's Will, supra* (1949) 91 N.Y.S. 2d 105, 113.) And the period of limitations runs not from the date of the decree but from the date each installment becomes due. (*In re Bassford's Will, supra,* 91 N.Y.S.2d 105.) Entry of a judgment for alimony arrears, were the husband alive, under section 1171-b would not have amounted to the rendition of a new judgment for the amount, but would merely have been a means of putting into practical effect the wife's rights to have her judgment put in such form that execution could be issued upon it. (*Thayer* v. *Thayer* (1911) 129 N.Y.S. 1035.)

We conclude that section 361 is not applicable, since plaintiff's suit here is upon a foreign judgment and not upon a foreign cause of action, and because her cause of action in New York on that judgment is not yet barred. Nor is plaintiff's action barred by section 337.5, subidvision 3. Plaintiff chose to sue only for alimony arrears accruing 9 years and 5 months prior to the death of her husband, which is well within the period of limitations set forth in section 337.5, subdivision 3.

 In his answer to plaintiff's complaint, the executor pleaded a release executed by plaintiff, under seal, in New York in 1928, as a complete bar to plaintiff's present action. Plaintiff did not file an affidavit denying the release, therefore its genuineness and due execution are presumed. (Code Civ. Proc., § 448.) However, at the trial, plaintiff sought to deny the efficacy of the release by introducing evidence by way of a deposition that it was executed under fraud and mistake. This offer of proof was considered by the court and denied upon the ground that "any evidence on the deposition

---

satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. This presumption is conclusive, except as against a person, who within twenty years from that time makes a payment or acknowledges an indebtedness of some part of the amount recovered by the judgment or decree, or his heir or personal representative, or a person whom he otherwise represents. Such an acknowledgement must be in writing and signed by the person to be charged thereby. A person may avail himself of the presumption created by this section under an allegation that the action was not commenced, or that the proceeding was not taken, within the time therein limited.'' (Now CPLR § 211(b) in part.)

is immaterial." This was error. While plaintiff admitted the genuineness and due execution of the release, she was not precluded from contravening the release by evidence of mistake or fraud. (*Wetzstein* v. *Thomasson* (1939) 34 Cal.App.2d 554 [93 P.2d 1028]; *Gajanich* v. *Gregory* (1931) 116 Cal.App. 622 [3 P.2d 389].)

Although the defenses of waiver and laches had been pleaded by defendant, they were not tried by reason of the disposition of the action on other grounds. On a retrial of this action defendant may offer evidence as to whether or not plaintiff's action is barred by waiver or by laches, as well as by the release.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Burke, P. J., and Jefferson, J., concurred.