In the Matter of WILLIAM J. MURPHY et al., Respondents, ALDO BLASIO et al., Appellants, et al., Tenants.

*Per Curiam.* We accept the finding of the court below that the fair value of the property with the improvement is $250,000.

The current assessment of the property is $194,000 of which $182,000 is ascribed to the land, $12,000 to the building. Applying this same ratio to the $250,000 figure, we find that, for the purposes of this litigation, the value of the land is $234,536, the value of the buildings is $15,464.

We find, as the court below held that, as to the buildings, the landlord is entitled to the 8% which is presumed by the statute to be a reasonable return (Business Rent Law, § 4, subd. 1; L. 1945, ch. 314, as amd. by L. 1950, ch. 326). We cannot, however, agree that the landlord is entitled to an 8% return on the value of the land. The landlord concedes that the premises are "not fully improved". This statement is amply supported by the record which reveals that the buildings are sixty years old, unheated, run down and rat-infested. The wide disparity between the assessment of the land and of the buildings is

persuasive proof of the landlord's failure to improve the buildings to a degree consonant with the rise in land value. Under these circumstances, we find that a reasonable return on the value of the land should be no more than 4%.

The landlord is therefore entitled to $9,381 as the reasonable return on the land, plus $1,237 as the reasonable return on the buildings, or a total of $10,618. We accept the finding of the court below as to the expenses which may be apportioned to the entire premises, i.e., $7,451. The landlord is therefore entitled to a total allowable rental of $18,069.

Of this amount, we find that 65% is properly allocable to the stores, 35% to the residential space in the premises. Applying the 65% figure against the total allowable rental, $11,745 is the proper return allocable to the stores.

The only question remaining, therefore, is the apportionment of this amount among the tenants of the six stores. Two of those tenants have not appealed, but simply because these tenants will be paying more than their share, we cannot permit the remaining tenants to bear less than their fair share. We accept the findings of the court below as to the proper ratio of division of the rent among the several tenants. Applying such figures we fix the store rents as follows:

249 First Avenue.................................$1,957.50
251 First Avenue................................. 1,957.50
255 First Avenue................................. 1,957.50
257 First Avenue................................. 3,364.57

Settle order containing new findings in accordance with the foregoing determination and reversing findings below inconsistent therewith.

Dore, P. J., Cohn, Van Voorhis, Shientag and McCurn, JJ., concur.

Order unanimously modified by fixing the store rents as follows:

249 First Avenue.................................$1,957.50
251 First Avenue................................. 1,957.50
255 First Avenue................................. 1,957.50
257 First Avenue................................. 3,364.57

and, as so modified, affirmed. Settle order on notice containing new findings in accordance with the opinion herein and reversing findings below inconsistent therewith.