In the Matter of FIFTH MADISON CORPORATION, Appellant. FREDERICK E. WEINBERG et al., Respondents.— We find that in the circumstances of this case the court had ample power to award fees to counsel. Upon argument, petitioner withdrew any claim as to excessiveness of the allowances made. Order unanimously affirmed, with one bill of $20 costs and disbursements to the respondents. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ. [See *post*, p. 812.]

SIDNEY MARANOV, Appellant, v. PHILATELIC RESEARCH LABORATORIES, INC., et al., Respondents.— Judgment for defendants-executors unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Section 211 of the Surrogate's Court Act is not applicable when at the time the claim is presented and rejected by the estate there is pending an action for recovery on such claim. *Kahler* v. *Searl* (261 App. Div. 936) is not applicable; in that case there was involved a claim which under section 1171-b of the Civil Practice Act, as it then read, was considered not enforcible by judgment after the death of the husband. Of course, plaintiff's third cause of action, if different from the first cause of action, is barred by section 211, as it would also be barred by the six-year Statute of Limitations. On that we do not pass at this time. That will be properly determinable upon the trial. In the circumstances the motion to withdraw a juror should have been granted. The dismissal of the complaint against the corporate defendant unanimously reversed. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ.

In the Matter of JULIUS ESTERHAZY et al., Petitioners, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.— Order of the city comptroller unanimously annulled, with costs to the petitioners, and the matter is remitted to the city comptroller for further proceedings in accordance with the provisions of section 220 of the Labor Law. The comptroller as the fiscal officer specified in the statute is required by subdivision 8 of section 220 to give notice to interested parties. In this instance one such interested party was the American Museum of Natural History. There could be no other. This the comptroller failed to do. Upon a hearing with all interested parties present it may be determined whether petitioners are engaged upon a public work, and whether the statute is applicable to them. In that connection it may or may not be significant that the statute was enacted subsequent to the establishment of contractual relations between the city and the museum. If the foregoing issues are determined favorably to petitioners, then the prevailing rate of wages must be determined. Section 220 of the Labor Law is not limited to direct employees of the city in the fixation of prevailing rates of wages. Settle order on notice. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ.

In the Matter of MID-MADISON CORPORATION, Respondent. CHARLES BARZANSKY et al., Appellants, et al., Defendants.— Order unanimously modified by deducting from the total allowable rent the sum of $717.15 and allocating the balance as the rent payable by each appellant in the percentages found by Special Term and is otherwise affirmed, without costs. *Steinberg* v. *Forest Hills Golf Range* (303 N. Y. 577), does not require that the 8% return be reduced if the improvement is not the highest economic use of the land. Such reduction should be made only if the land is inadequately improved. Settle order on notice. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ.