In the Matter of MOISES COSIO CORP., Appellant. DAVID E. LONDON et al., Doing Business as BROADWAY BOOK SHOP, et al., Respondents.

First Department, March 16, 1954.

*John A. Hoyt, Jr.,* of counsel (*Gillespie & O'Connor,* attorneys), for appellant.

*David C. Lewis* of counsel (*Nathan Leinkram,* attorney), for David E. London and another, doing business as Broadway Book Shop, respondents.

*Lester Alan Baron* of counsel (*Lester Alan Baron, Louis N. Field, Arthur Katzman, Rosenberg & Rosenberg, Arnold Barnett, Hoffman, Bondi, Buchwald & Hoffman, Weisstein & Weisstein, Oscar L. Meyerson, Gray & Grossman* and *Alex Rubin,* attorneys), for Associated Foot Service, Inc., and others, respondents.

*William Reiss* for Kridos, Inc., and others, respondents.

*Arthur H. Goldberg* of counsel (*Port, Samet & Goldberg,* attorneys), for Bigley Trucking Corp., respondent.

*Irving A. Oremland* for Paul Goldman, doing business as American Handkerchief Company, and others, respondents.

*John F. Hyland* of counsel (*Joseph P. Bohan,* attorney), for John J. Grady, respondent.

BASTOW, J.  The landlord appellant appeals from an order, denominated a judgment, dismissing this proceeding instituted to increase the rents of some ninety statutory tenants occupying business space in premises on the northeast corner of Broadway and 42d Street.  The proceeding was brought pursuant to the Business Rent Law (L. 1945, ch. 314, § 4, subd. 1, as amd.).

The trial court found that the fair value of the property was $2,800,000 of which $250,000 represented the fair value of the improvement and $2,550,000 the fair value of the land.  These findings of values were identical with the assessed valuations for 1951–1952.  It was further found that the improvement was inadequate and in view thereof the court determined that 6% on the value of the land and 8% on the value of the improvement represented a reasonable return.

The statute provides that a net annual return of 8% shall be presumed to be a reasonable return (§ 4, subd. 1).  This presumption may be rebutted by evidence establishing that the rental value of the premises does not justify the application of the percentage.  (*Steinberg* v. *Forest Hills Golf Range,* 303 N. Y. 577; *Matter of Mid-Madison Corp.* [*Barzansky*], 281 App. Div. 676; *Matter of Appleby* [*Walsh Paper Co.*], 275 App. Div. 756; *Schack* v. *Handel,* 271 App. Div. 1.)

The landlord's main contention is that the evidence was insufficient to rebut the statutory presumption and that the lower court improperly found that the land was inadequately improved and erred in fixing a reasonable return thereon at 6%.

The improvement consists of a twelve-story brick and steel fireproof office building, which covers almost the entire plot, fronting approximately 113 feet on the north side of West 42nd Street and 104 feet on the east side of Broadway.  It is equipped with five passenger elevators, has a rental area of approximately 97,221 square feet and consists of 177 office suites, five stores on the Broadway side and four stores facing on 42d Street.  There are two entrances, one from Broadway and the other from West 42d Street.

The respondents contend in substance that the wide disparity between the fair value of the land and that of the building is proof that the building is an inadequate improvement of the premises.  This, however, is but one fact to be considered in solving the problem.  Our Court of Appeals has sketched the general outline of the subject in the following language contained in the *Steinberg* case (*supra,* p. 585) : " The legislature, by providing that ' A net annual return of eight per centum

on the fair value of the entire property including the land shall be presumed to be a reasonable return ' (§ 4, subd. 1; McKinney's Unconsol. Laws, § 8554, subd. 1), has declared its finding as to the return to which a landlord is normally entitled. But that statute, merely creating a presumption, is not a mandate to employ an 8% factor in every case. Obviously, the owner of an unimproved parcel of land found to be valuable because of its availability for development cannot expect to receive the same rate of return upon its value as he would if it were appropriately improved.''

The court then pointed out that to ascertain the fair value of an unimproved parcel of land '' it is proper to take into consideration the uses to which the land may be put and evaluate it in the light of its best economic use.'' Here the court was speaking of unimproved land and its ultimate conclusion was that the statute's presumption had been rebutted when it appeared that the present use of the land as a golf range was not its best use.

In *Matter of Mid-Madison Corp. (Barzansky)* (281 App. Div. 676, *supra*) we held that the 8% return was not required to be reduced if the improvement was not the highest economic use of the land and that such reduction should be made only if the land is inadequately improved. This rule was implemented in earlier decisions where there was a clear showing of inadequate improvement. Thus, in *Matter of Murphy (Blasio)* (278 App. Div. 814) the reasonable return upon the land value was reduced from 8% to 4% where it appeared the buildings were sixty years old, unheated, run down and rat-infested. (See, also, *Matter of City Bank Farmers Trust Co. [Cohen]*, 279 App. Div. 991; *Matter of Appleby [Walsh Paper Co.]*, 275 App. Div. 756, *supra*, and *Matter of Astor [Harvey's Garages]*, 201 Misc. 31).

In the light of the facts here presented we are unable to agree with the conclusion of the trial court that the improvement was inadequate. This conclusion appears to have been based upon the wide disparity between the fair values of the land and improvements as found by the court when compared with other properties in the vicinity. The inadequacy of improvement that the courts have spoken of is one which is either a stopgap improvement to reduce operating losses or a deteriorated improvement, the continuance of which is justified only as a stopgap to cut losses, or pending redevelopment. That is not the situation here.

The building here is about forty years old. It has a rent roll of $402,000 with more than $253,000 thereof received from office space. It would appear to be adequate for the purposes for which it is used. The respondents may not rebut the statutory presumption solely by opinion evidence that the improvement is inadequate without laying some foundation for such opinion. Neither is disparity between values of land and improvements in and of itself sufficient to rebut the presumption. There are profitable low cost improvements on valuable land, where the actual economic value is high because the location of the land brings custom to the site. A modern gasoline station on centrally located valuable land might well be a high economic use, even though the ratio of improvement value to land value is small. A newsstand in Times Square might involve small building cost, but yield very great income to its tenant and therefore be a high economic use.

The respondents state in their brief that they do not contend that the improvement upon the premises is not the highest economic use of the land. They attempt to distinguish between a proper type of improvement and a sufficient improvement of the land. They argue that the court's finding that the land was inadequately improved was in effect a finding that it was not sufficiently improved. The difficulty with this exercise in semantics is that the record is barren of any evidence from which a finding could be made that there was an insufficient or inadequate improvement of the land except the disparity between land and building values. In passing it might be noted that it is difficult to reconcile the valuation of a building at $250,000 that produces an annual rent of $402,000. It is not necessary, however, to pass upon such valuation at this time.

We conclude that upon this record the trial court erred in finding the improvement inadequate and fixing a rate of return of 6% on the value of the land. The order appealed from should be reversed and a new hearing ordered, with costs to the appellant to abide the event.

PECK, P. J., DORE, BREITEL and BERGAN, JJ., concur.

Order unanimously reversed and a new hearing ordered, with costs to the appellant to abide the event. Settle order on notice.