Samuel H. Hofstadter, J.
The petitioner, the owner of the premises No. 922 Third Avenue, New York, N. Y., has instituted this proceeding under article 78 of the Civil Practice Act, to annul a determination of the Rent Commission, denying its application for a rent increase. The petitioner acquired the property in October, 1956 for $125,536.50, and sought an increase of the apartment rents on the ground that the rental income from the property yielded a net annual return of less than 6% of its valuation.
The issue here is solely that of the proper valuation of the property. The petitioner insists that under section 4 (subd. 4, par. [a], cl. [1]), of the State Residential Rent Law, as amended by chapter 755 of the Laws of 1957, the commission was bound to adopt as the valuation the price paid by it when *446 it purchased the property in 1956. There is nothing in the record to impugn the good faith of the sale by which the petitioner became the owner and unquestionably that sale meets fully the tests of good faith prescribed by the statute for a sale made after March 15, 1953. If the petitioner were correct in its contention that the respondent was confined to the purchase price paid on a bona fide sale the determination here assailed would, therefore, have to be annulled.
The petitioner’s position, however, does not take into account the impact of another provision of the same subdivision of the law. Though the petitioner paid $125,356.50 for the property, its assessed valuation is $70,000, the land is assessed at $60,000 and the building at $10,000. This situation brings into play the following provision: ‘‘ Where, however, the assessed valuation of the land exceeds four times the assessed valuation of the buildings thereon, the commission may determine a valuation of the property equal to five times the equalized assessed valuation of the buildings, for the purposes of this subparagraph.” (State Residential Rent Law, § 4, subd. 4, par. [a], cl. [1].)
The petitioner argues that this provision is applicable only in the absence of a bona fide sale satisfying the statutory exception. The short answer is that the statute does not say so; it declares broadly that when the stated disproportion between the assessed valuation of the land and that of the building exists, the commission may fix the valuation of the property at five times the assessed valuation of the building. On this basis, the valuation would be only $50,000; the commission here, however, adopted the equalized assessed valuation of $70,000 and found that the petitioner was receiving a 6% return on this valuation.
The quoted provision effectuates the principle that controlled tenants should not be compelled to pay a rental giving a. net return on the value of underimproved land. The courts have recognized the fairness of the principle (Matter of Blackport Estates v. McGoldrick, 280 App. Div. 329, motion for reargument denied 280 App. Div. 914; Matter of Murphy v. Blasio, 278 App. Div. 814; Matter of Kimmel v. McGoldrick, 202 Misc. 217, 220; see, also, Madison-Fifth Realty Co. [Abrams], N. Y. L. J., Feb. 10, 1956, p. 6, col. 7). The equalized assessed valuation utilized by the commission is higher than five times the assessed valuation of the building permitted by the statute. The disproportion between the land and building valuation envisaged by the statute having been found, the determination made cannot be pronounced arbitrary or capricious. On the contrary, the refusal to saddle the tenants with a rental based on the potential future value of the land seems to carry out the *447 spirit and purpose of the law. If the exception to the application of the quoted provision to a case such as the present for which the petitioner contends is to be made, the appeal must be to the Legislature.
The motion is accordingly denied and the proceeding dismissed.