In the Matter of BLACKPORT ESTATES, INC., Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent, and KURT A. ADLER et al., Interveners, Respondents.

First Department, June 18, 1952.

*Arthur P. McNulty* for appellant.

*Norman S. Fenton* of counsel (*Robert H. Schaffer,* attorney), for respondent.

*Bernard Jaffe* of counsel (*Kaplan, Axelrod & Jaffe,* attorneys), for interveners-respondents.

PECK, P. J.  Petitioner-appellant, owner of an apartment house, commenced a proceeding before the Rent Administrator to secure an increase in rents, claiming that it was entitled to a 4% return on the assessed value of $150,000.  The Rent Administrator refused to accept the assessed valuation as the basis for computing the return to which the landlord was entitled, relying on his statutory authority to make a valuation different from the assessed valuation " where the valuation of the land without the buildings thereon does not bear a reasonable relationship to the valuation of the buildings themselves " (State Residential Rent Law, § 4, subd. 4, par. [a]; L. 1946, ch. 274, as amd.), and upon Administrator's Opinion No. 85 which outlines the situations in which, and the formulae by which, the Administrator will determine valuations other than assessed values.

The Opinion refers to a situation where the assessed valuation of the land is so greatly in excess of the assessed valuation of the building that there is a fair presumption that the land is under-improved and that it would be inequitable to compel the tenants to pay increases based upon values which are primarily land values rather than the value of the housing accommodations.  The Opinion recites that as a result of the Administrator's study he has determined that where the assessed valuation of the land is more than three times the value of the building there is deemed to exist a gross disproportion warranting a reduction in the assessed valuation for the purpose of determining fair rent.  The Opinion then formulates the calculations by which fair value will be determined, being the alternatives of taking four times the assessed building value or five times the annual rent roll, whichever is greater. The Opinion states that the latter figure is derived from a study of 1,698 properties in New York City, disclosing that the equalized assessed valuation, i.e., four times the building value, normally bore a ratio of between 5.4 and 6.3 times the rental income, the city-wide average being 5.6.  In the instant case the Administrator employed the multiple of five formula and arrived at a valuation for the property of $116,031.

The landlord complains that it was not permitted by the Administrator to submit evidence of the many facts bearing upon the actual value of the building, including the fact that the assessed valuations did not reflect a proper relation between land and buildings.  The landlord challenges the constitutionality of the statute under which the Administrator acted, asserting that it lacks adequate standards for guiding the

Administrator's action, and challenges the action of the Administrator as being arbitrary.

We think that the statute is in order, although it might have been better to follow the pattern of the Commercial Rent Law in permitting an adjustment in the percentage return allowed rather than in the basic valuation, but we think that there is no warrant in the Administrator's refusing to consider the facts in the individual case and relying entirely upon a formula drawn from a statistical study of other cases.

A statistical study may be informative and indicative, but a landlord is entitled to a valuation of his particular property on the basis of the particular facts and is not to be bound by a mathematical average which may be grossly unfair in his case. The variation in the ratios of 5.4 and 6.3 found by the Administrator shows that it would be unfair to apply the lower figure to many properties, and it is not apparent why, in view of the average ratio of 5.6 found by the Administrator, he elected to apply a ratio of only 5. Also, applying the ratio to rents which may be unduly low only perpetuates the inequity which is the occasion for the proceeding. (See *Matter of Kimmel* v. *McGoldrick*, N. Y. L. J., June 4, 1952, p. 2226, col. 3.)

It is incumbent upon the Administrator in these cases to take all relevant evidence bearing upon the fair value of the property for housing purposes and to make an individual determination which is responsive to the individual facts. That is what the landlord is entitled to and what the law requires.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the matter remitted to the Rent Administrator to make a determination in accordance with this opinion. Settle order on notice.

DORE and CALLAHAN, JJ., concur; COHN, J., dissents and votes to affirm.

Order reversed, with $20 costs and disbursements to appellant, and the matter remitted to the Rent Administrator to make a determination in accordance with the opinion herein. Settle order on notice. [See *post,* p. 914.]