G-eobge Tilzeb, J.
This proceeding was instituted by the Madison-Fifth Realty Co., Inc., the petitioner, pursuant to article 78 of the Civil Practice Act. The landlord seeks to review an order of the State Rent Administrator which denied the petitioner’s application for an over-all increase under the 6% net annual return provisions of the statute.
The petitioner purchased 238 Madison Avenue, Manhattan, New York City, in 1945 for the sum of $94,000. He applied to the commission under the provisions of subdivision 5 of section 33 of the State Rent and Eviction Regulations for an increase in the maximum rents sufficient to provide a net annual return of 6% based on the assessed valuation of $200,000 ($185,000 for land, $15,000 for building). The facts elicited also established that there was pending before the city tax authorities an application to reduce this $200,000 assessment to $91,000, which the landlord claimed was the true value of the property. It, therefore, appears that the assessed valuation of the land ($185,000) is more than twelve times the assessed valuation of the building ($15,000). The commission computed the value at $75,000, which was five times the assessed valuation of the building rather than fixing the value based on the entire assessed valuation. It is to be noted that 6% of $75,000 is $4,500 and the audit of the landlord’s books shows a net return of approximately $6,000 and consequently his application was denied.
In seeking a review of the decision of the State Administrator the petitioner asserts that such action was arbitrary, unreasonable and capricious. The Administrator contends that using the alternate valuation of five times the assessed valuation of the building was an entirely and reasonably proper exer- *839 . cise by the Administrator of his statutory discretion. The Administrator in accordance with statutory authority may in four stated instances determine the allowable net annual return on a valuation other than the assessed valuation of the property. Two of the instances of alternate valuation are where the assessed valuation of the land exceeds four times the assessed valuation of the building and where there is a request pending for reduction of such assessed valuation. It would seem that this situation obtained in the case at bar and accordingly the Rent Administrator proceeded to adopt this alternate valuation. Section 33 (subd. 5, par. a) of the State Rent and Eviction Regulations incorporates almost verbatim the laws enacted by the Legislature. These are chapter 443 of the Laws of New York of 1951, chapters 320 and 321 of the Laws of 1953 and chapter 685 of the Laws of 1955. The comparison of section 4 (subd. 4, par [a], cl. [1]) will indicate that it is substantially similar to the provisions of section 33 (subd. 5, par. a) of the State Rent and Eviction Regulations heretofore referred to. Section 4 (subd. 4, par. [a], cl. [1]) which was enacted after the decisions in the cases of Matter of Blackport Estates v. McGoldrick (280 App. Div. 329) and Matter of Kimmel v. McGoldrick (202 Misc. 217) was passed by the Legislature because of the administrative difficulties imposed on the commission by reason of these decisions. The Legislature, therefore, set up the standards to be applied in these cases and eliminated the requirements of valuation returns. In Matter of Kaufmann v. Abrams (141 N. Y. S. 2d 716, affd. 286 App. Div. 998) the court discussed these sections. The same argument was made as here that the Administrator should have first determined the fair valuation before adopting the alternate rule. The lower court in that case said (p. 719): “1 find no merit to the petitioner’s contention that the Commission should have made an independent determination of the value of the property. The rules adopted by the Legislature were enacted from a desire to escape the alternative of bogging the Commission with extensive testimony by experts as to the value of the property ”.
The language of the statute evidences the legislative intent to adopt assessed valuation as the basis of determining net annual return except in the four exceptions referred to. The Legislature specifically provided that the commission may use in the alternative a figure of five times the assessed valuation where there is a gross disproportion between the value of the land and the building. Therefore, the commission cannot be said to be arbitrary, capricious or unreasonable in following the course of conduct indicated by the Legislature. To remit this *840 matter to the commission to take evidence of value would be to do the very thing which was sought to be corrected by the amendments to the statute.
Motion denied. Petition dismissed.