L. Barron Hill, J.
Application for an order reviewing and annulling respondent’s determination. A motion by the tenants for leave to intervene was granted on the argument.
Petitioner is the owner of a 48-family apartment house located at Sunnyside, Queens County, New York. On October 10, 1955, petitioner applied to the local rent office for an increase in the maximum rents on the ground that the property yielded a net rental income of less than 6% of its then equalized current assessed valuation. The application was denied and upon petitioner’s protest, the denial was affirmed by the respondent. It is this determination which petitioner seeks to review here.
Petitioner claims that respondent’s determination is arbitrary and capricious in that (1) respondent failed to use the equalized current assessed valuation of the property in his computations, and (2) respondent disallowed or reduced certain items of expense, “ including management, mortgage interest and the four year averaging of repair expenses ”.
The statute (State Residential Rent Law, § 4, subd. 4, par. [a]; L. 1946, ch. 274, as amd.) authorizes an adjustment of maximum rents where the rental income yields a net annual return of less than 6% of the valuation of the property. The valuation to be used is the equalized current assessed valuation in effect at the time of the filing of the application for an adjustment, except in four instances, two of which are applicable here, namely, that there is a request for a reduction in such assessed valuation currently pending, or there has been a reduction in the assessed valuation for the preceding year.
In such cases, the statute provides that respondent may make a determination that the valuation of the property is an amount different from such equalized assessed valuation. Such power in the respondent is discretionary, not mandatory. (See Matter of Abrams v. McGoldrich, 282 App. Div. 192.)
Respondent used the reduced value for the preceding year as the valuation of the property. Petitioner claims that such action is arbitrary. Cases cited by the petitioner merely indicate thát the respondent, in his discretion, could, if he wished, use the current assessed valuation. They do not hold, nor could they in the face of the express language of the statute, that the respondent may not use a different valuation. There are indications in the cases, as well as in the legislative enactments, that it was not intended to inundate the respondent with extensive expert testimony as to the value of property. (Matter of Kaufmann v. Abrams, 141 N. Y. S. 2d 716, 719, affd. 286 App. Div. 998.)
Since the petitioner was successful in obtaining a reduction of assessed valuation for the preceding year and there was a *642 proceeding pending to reduce the current assessment, respondent’s action in taking the last reduced assessment as the true valuation, subject to adjustment for equalization, cannot be said to be arbitrary.
Nor can it he said that such practice on the part of the respondent is open to the same attack as was made on the use of a fixed formula in Matter of Blackport Estates v. McGoldrick (280 App. Div. 329). In that case, respondent applied a formula derived from a statistical study of 1,698 properties in New York City. In the instant case, the method used by the respondent does not apply, to the petitioner’s property, statistical rules gathered from other properties, but merely reverts to the last preceding assessment of petitioner’s property. That it has in it elements of poetic justice does not render it arbitrary.
With respect to petitioner’s second main contention, the dis-allowance or reduction of expenses, it may he well to note at the outset that the statute itself expressly excluded mortgage interest and amortization. Furthermore, petitioner concedes that the adjustments for utilities and insurance (a net difference of $2.33) are too trivial to warrant discussion. Similarly, petitioner does not discuss the adjustment for rents (minus $23.64, an adjustment in petitioner’s favor), hut it does object to the fact that respondent ‘ ‘ projected ’ ’ the rents but not the expenses.
Since respondent cannot foretell what petitioner’s future expenses will be, it is not unreasonable for him to accept the actual expenditures for a test year and to deduct them from the rents which petitioner is presently receiving. For this reason, there is no merit to petitioner’s objection with respect to fuel since respondent allowed the actual amount spent for the test year.
Eespondent disallowed $1,608.02 for payroll and related costs. Of this amount, $1,200 was for typing and other office work done by the wife of the petitioner’s principal stockholder. Eespond-ent properly considered that this item was covered by the allowance for management. Of the remaining $408.02, two of the items comprising it were reflected in the expense for utilities. The amount claimed for “ projected ” expenses under a union contract concededly was not paid since the man for whose benefit the contract was signed did not accept the employment. Eespondent’s determination as to payroll expense was not arbitrary.
With respect to the reduction for taxes, petitioner’s arguments directed to the valuation of the property have already been considered and the court has concluded that respondent was not arbitrary in accepting the last reduced valuation. Nor *643 is there any merit to petitioner’s argument that it has paid the taxes on the present assessed valuation. If petitioner is successful in the pending certiorari proceeding, it will receive a refund.
Respondent’s regulations do, however, provide that taxes “ currently in effect ” may be projected in computing operating expenses. The tax rate had increased from 3.95% to 4.10% when respondent’s determination was made and the latter rate should, therefore, have been used. Applying the tax rate in effect at the time of the decision to the valuation of $170,000 indicates that petitioner’s expenses for taxes were $6,970 instead of $6,715, an increase of $255 over the amount allowed by the respondent.
Respondent allowed petitioner 5% of the rental income as a management fee. Petitioner concedes that 5%'is the standard fee for management, but contends that “ such fee does not include leasing commissions or owner’s services in supervising the managing agent.” In this case, the managing agent was Sidney J. Liftin, the attorney for the petitioner in this proceeding and its secretary and apparently its principal stockholder. Under the circumstances, respondent’s allowance of 5% is not unreasonable.
With respect to repairs, respondent increased petitioner’s claimed expenses by $56.38. Petitioner claims, however, that it is prejudiced by respondent’s practice of averaging expenses for repairs over a four-year period. Respondent, in seeking to determine the usual cost of repairs, tries to avoid any attempt to saturate the test year with excessive expenses allowed to accumulate for that very purpose. Striking a four-year average prevents an exaggeration of the actual usual annual expense. Respondent’s method is not unreasonable.
With respect to replacements, petitioner objects to the elimination of two items, $200 on the oil burner and $75 for furniture. Respondent allowed petitioner $200 instead of $400 on the oil burner based on an estimated useful life of 20 years, instead of 10. The United States Treasury Department has heretofore estimated the useful life of heating equipment at 20 years. Respondent’s estimate is not arbitrary.
Petitioner objects to the disallowance of $75 for furniture for a three-room apartment purchased for $750 from Sidney J. Liftin, the attorney and principal stockholder of petitioner. Respondent states that no proof of actual payment was presented and he does not regard the transaction as an authentic sale. In the absence of proper proof of a bona fide sale, respondent was not arbitrary in disallowing this item for furniture.
*644 Under miscellaneous expenses, respondent disallowed $509.69 for a business car, $247.99 for telephone, $34.45 for transportation and $600 for other office expenses, on the ground that said items are covered by the fee for management. Since this property is owner-managed and no management fee is actually paid, the allowance of the maximum management rate of 5% was in lieu of all actual expenses of a management nature. Respondent’s determination in this respect cannot be said to be arbitrary.
The only other items of miscellaneous expense disallowed were $500 for legal services, $100 for accounting services and $9.50 for court disbursements. The vouchers for legal and accounting services were addressed to the petitioner from Sidney J. Liftin, its main stockholder. The only itemized voucher was for the year 1953; the 1954 and 1955 vouchers stating ‘ ‘ see itemized bill 1953 ”. The 1953 voucher states: “ Legal advice and supervision of all Rent Office proceedings, leases, tenant relations, Housing Dept. Proceedings, N. Y. and Federal corporate tax returns and procedures, rent actions and summary proceedings, insurance policies, agreement for repairs, supplies, equipment, etc., employee relations, proceedings with various govt, depts. miscellaneous matters, etc. ’ ’
Respondent states that there was no breakdown of the legal fees, that New York and Federal tax returns are not an operating expense, that insurance policies and agreements for repairs, supplies and equipment are part of management’s duties and such expense should not be duplicated in another schedule. Since there was no breakdown of the expense and no evidence of actual payment, respondent disallowed the item for legal services. It is to be noted that respondent did allow petitioner the sum of $296.25 for legal services rendered in connection with the proceeding to reduce the assessed valuation of the property.
The 1953 voucher for accounting states: “ Accounting services in maintaining records, preparation of tax returns and other reports, etc. ’ ’ The 1954 and 1955 vouchers state: ‘ ‘ See 1953 itemized bill.” Again there was no proof of actual payment, the voucher contained items such as preparation of tax returns not properly allocable to operation of the building, and there was no breakdown of the total expense. Accordingly, respondent disallowed the item for accounting services.
The item for disbursements was shown on the 1953 voucher as “ Court fees, affidavits, service of papers, etc.” The 1954 and 1955 vouchers state: “ See itemized 1953 bill. ’ ’ Again, there was no evidence of payment nor a breakdown of the amount spent and respondent disallowed the item. Under the circum *645 stances, respondent’s determination in respect to these three items was not arbitrary.
For depreciation, petitioner was allowed 2% of the equalized valuation of the building. Respondent used the 1953 equalization rate of 93%. After this application was submitted to the court, the State Residential Rent Law was amended on April 20, 1957 (L. 1957, ch. 755) to provide for the use of the 1954 equalization rate of 85%. Contrary to petitioner’s contention, however, that act, by its own terms, becomes effective on June 30, 1957, except for a few clauses not here pertinent. Accordingly, respondent’s use of the 1953 equalization, rate was correct and his determination in respect to depreciation is not arbitrary.
A careful consideration of the various items of expense indicates that respondent’s figures are correct, except in the one particular noted, namely, that projection of taxes according to the effective tax rate would increase that item by $255. Adding this to the $22,296.08 allowed by the respondent for expenses, makes the total of petitioner’s expense $22,551.08.
Petitioner is entitled to a net return of 6% of the equalized valuation, namely, $10,967.74, which together with the expenses noted above, indicates that petitioner is entitled to receive a minimum gross rental of $33,518.82. Petitioner’s actual rental income of $35,537.64 exceeds the required minimum by more than $2,000. Accordingly, respondent’s determination denying petitioner’s application for an increase in rents is not arbitrary or capricious and must be confirmed.
The application is denied and the petition dismissed.
Submit order.