Jacob Markowitz, J.
This is a motion, pursuant to article 78 of the Civil Practice Law and Rules, for an order reviewing and upon such review modifying or vacating respondent’s order, which granted building-wide maximum rent increases in amounts less than those sought by petitioner.
Petitioner landlord sought the increases at issue based upon his alleged cost of certain major capital improvements. The improvements concededly effected included conversion of the *243 premises from one with public hall toilets on each floor of four apartments to one with private toilets in each apartment. Closets were installed in five of the apartments, the air shaft in the building was rehabilitated, and the public halls were painted and their lighting improved and other improvements were made. The landlord contends that this work cost $36,750 (that being the contract price for the work, set in a contract between the landlord and S. H. Taylor Construction Corp.). It was disclosed that on the date that the contract between landlord and Taylor was executed, another contract, identical in content save as to parties and amounts to be paid, was executed between Taylor and Lee Berger as subcontractor. Under this contract, Berger was obligated to do all the work described in the other contract, but at a price of $27,000. Respondent disallowed use of the $36,570 figure (set in the contract between landlord and Taylor) as a basis for computing the increase warranted. Respondent then requested itemization of the work performed by Berger in the premises to substantiate the $27,000 amount fixed in the contract with him. The landlord produced checks, totalling $27,000 paid to Berger apparently pursuant to the contract, plus an additional check of $1,350, presumably for extra work. In addition, petitioner submitted a statement from Berger, stating that he had subcontracted the work and that he had paid his subcontractors for work specified as ‘ ‘ carpentry, plaster, tile, plumbing and heating, electric and bellworlc ” and retained as overhead amounts representing an approximate profit of 10%, a charge for supervision and cost of permits and miscellaneous items. The Administrator disallowed the differential of the two contracts (which was justified) and found that the landlord had not sufficiently itemized the work to even allow use of the lower price, to wit, $28,350, as a base. The Administrator, instead, used an “ experience ” formula (applying its experience with similar applications, and its estimate of their cost) and granted increases on that base only.
Landlord’s contention that the Administrator must accept as the basis for her calculations the contract price, without inquiry, is not controlling (Matter of Flowood Realty Corp. v. Gabel, N. Y. L. J., Oct. 14, 1963, p. 17, col. 3; Matter of Hopewell Props. v. Weaver, 8 Misc 2d 639, affd. 10 A D 2d 714, mot. for lv. to app. den. 10 A D 2d 947; Matter of Lev Realty Co., 26 Misc 2d 586). Respondent has the power to look beyond the contract price so that it may be determined, not only whether the prices charged were reasonable, but whether the prices charged were attributable to the capital improvements for which increases are *244 sought. However, before respondent can disregard a price set in a contract, and in fact paid, as proven by the record, there must be some evidence in the record to support her action in so doing (Matter of Eberhart v. Abrams, 285 App. Div. 1127). Where there is no evidence of fraud or impropriety, there is no reason why the business community should not be permitted to function in accord with its normal course of operating, record and businesswise. Deviation therefrom, to meet possible requirements that may be raised by the Administrator in the future is not warranted absent a statute dictating such a result.
Accordingly, no basis exists to support the exclusion from consideration of the remaining amount actually paid, to wit, $28,350, for the work performed as provided in the contract. Therefore, the matter is remanded to respondent for further proceedings consistent with the foregoing allowance of $28,350 as a base. Settle order.